### KENEDY MERCANTILE CO. v. AINSWORTH et al. (No. 7505.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 10, 1926. Rehearing Denied March 10, 1926.)

**1. Appeal and error ⊕⟶672.**

An "error apparent of record" is one that is fundamental, and goes to foundation of action without looking to or considering the evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Error Apparent.]

**2. Appeal and error ⊕⟶281(1), 753(2)—Court of Civil Appeals will affirm judgment, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 1607, 1612, in absence of assignments of error and of motion for new trial, where there was no "error apparent of record."**

**3. Appeal and error ⊕⟶672.**

Court of Civil Appeals cannot go into statement of facts in examining record for fundamental error.

Appeal from District Court, Karnes County; Covey C. Thomas, Judge.

Suit by J. W. Ainsworth and others against the Kenedy Mercantile Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

C. G. Hallmark, of Kenedy, for appellant.
J. O. Faith, of Karnes City, for appellees.

FLY, C. J. This is a suit instituted by J. W. Ainsworth, Otto Ainsworth, and Oliver Ainsworth, composing the partnership firm of Ainsworth Bros. & Co., against the Kenedy Mercantile Company, a private corporation, to recover the sum of $1,146 evidenced by a check drawn on the Nichols National Bank and drawn by said corporation. Appellees recovered judgment in the sum of $1,146, with interest at 6 per cent. from October 30, 1922. This is a second appeal of this cause. Kenedy Mercantile Co. v. Ainsworth, 258 S. W. 205.

[1] There was no motion for new trial, none being required as no jury sat in the case, and no assignments of error are found in the transcript of the record or the briefs of appellant. The statute provides:

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office; provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error, and provided further, that all errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of." Article 1612, Vernon's Sayles' Ann. Civ. St. 1914.

In article 1607, Vernon's Sayles' Ann. Civ. St. 1914, it is provided that in the Courts of Civil Appeals cases may be heard on errors in law either assigned or apparent on the face of the record. An error apparent of record is one that is fundamental, which goes to the foundation of the action without looking to and considering the evidence; an error that is plain, manifest, evident, obvious, and clear. Oil Co. v. Kimball, 122 S. W. 533, 124 S. W. 85, 103 Tex. 94.

[2, 3] The judgment was reversed on a former appeal because the pleadings and evi-

dence showed that the cause of action was based on a gambling transaction in futures. The pleadings have been amended since the former appeal, and it cannot be said that the petition shows on its face that the amount claimed is based on a dealing in cotton futures. In other words, there is no error apparent of record that goes to the foundation of the action. We cannot, in examining the record for fundamental error, go into the statement of facts.

The judgment will be affirmed.