**GARCIA v. HERNANDEZ et ux.** (No. 7518.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1926. Rehearing Denied April 17, 1926.)

1. **Appeal and error** ⬅️745—All errors not fundamental are deemed waived, where no assignments of error are filed in trial court (Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. [1913] c. 136 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1612]; Courts of Civil Appeals Rules 23, 28).

All errors not fundamental are considered waived, where no assignments of error are filed in trial court, in view of Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. (1913) c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), and rules 23 and 28 of the Rules for Courts of Civil Appeals.

2. **Appeal and error** ⬅️745.

Assignment of error, not filed in trial court or embraced in transcript, cannot be considered by Court of Civil Appeals.

**3. Appeal and error** ⊚⇒745—**"Bills of exceptions" cannot take place of "assignments of error" so as to obviate statutory requirement that assignments be made, filed in trial court, and incorporated in transcript on appeal (Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. [1913] c. 136 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1612]).**

Bills of exceptions which are to preserve exceptions taken at trial cannot take place of assignments of error so as to obviate requirement, under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. (1913) c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), of making such assignments, filing them in trial court, and incorporating them in transcript on appeal, since statutes relating thereto are mandatory, and must be complied with in substance.

Error from District Court, Jim Hogg County; Hood Boone, Judge.

Action between Sixto E. Garcia, Jr., and Braulio Hernandez and wife. To review an adverse judgment, Sixto E. Garcia, Jr., brings error. Affirmed.

M. J. Raymond, of Laredo, for plaintiff in error.

A. M. Brumfield and Dan Hightower, both of Hebbronville, for defendants in error.

SMITH, J. [1] In this case no assignments of error were filed in the trial court by plaintiff in ·error. It is provided in article 1612, R. S. 1911, as amended by Acts 33d Leg. (1913) c. 136, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612):

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office; * * * provided further, that all errors not distinctly specified are waived. * * *"

And the rules prescribed for Courts of Civil Appeals provide:

"23. Said record should contain an assignment of errors, as required by the statute. If it does not, the court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court."

"28. There will be no assignments of error allowed in the appellate court when none has been filed in the lower court, unless by consent of parties."

This provision of the statute is mandatory, and, although appellate courts may exercise discretion .in considering assignments of error not formed in accordance with the statute, they have no power to do so, where the errors complained of are not fundamental and are not assigned at all. This rule is too well established to require citation of authorities, which are unanimous in its support. In this respect the record in this case is in precisely the same condition as the record in cause No. 7505, Kenedy Mercantile Co. v. J. W. Ainsworth et al., 281 S. W. 637, decided by this court on February 10, 1926, in which the judgment was affirmed because no assignments of error were filed in the trial court, and no fundamental error was apparent upon the face of the record. Such is the record presented in this appeal.

[2, 3] In his brief plaintiff in error sets out what he terms his assignments of error, the substance of which appear to be based upon bills of exception contained in the transcript. But these assignments do not purport to be, and were not in fact, filed in the trial court or embraced in the transcript. While bills of exception often form the basis ·of assignments of error, they can never take the place of them so as to obviate the statutory requirement of making such assignments, filing them in the trial court, and incorporating them in the transcript on appeal. The objects of bills of exceptions and assignments of error are fundamentally different; one to preserve exceptions taken upon the trial and the other to present those exceptions in concrete form on appeal The statutes define these purposes, and prescribe the mode of procedure for effectuating them. These statutes are plain, simple, and mandatory, and, while they are liberally construed as to form, they must be complied with in substance. The provisions as to assignments of error have been completely ignored by plaintiff in error, however, and under the statute and rules all errors not fundamental in their nature have been waived by plaintiff in error.

We have carefully examined the record for fundamental error, and, finding none, the judgment will be affirmed.