### WALKER MOORE CO. v. WEGLEY et al.
### (No. 7608.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1926.)

**1. Appeal and error ⟋⟍752.**

If grounds set out in motion for new trial are brought forward and briefed on appeal, requirements of Rev. St. 1925, art. 1844, and rules 23, 28, requiring assignments of error, are met.

**2. Appeal and error ⟋⟍753(1).**

In absence of assignments of error required by Rev. St. 1925, art. 1844, and rules 23, 28, court may, consider only errors fundamental and apparent on face of record.

**3. Appeal and error ⟋⟍745.**

"Special exceptions" to findings and conclusions of court and to refusal to answer interrogations, brought forward in brief and denominated assignments of error, cannot be considered such when not reduced to form of assignments and filed in court below.

Appeal from Bexar County Court; Mc-Collom Burnett, Judge.

Suit by the Walker Moore Company against Fred Wegley and W. B. Collins. Judgment against Fred Wegley and in favor of W. B. Collins, and plaintiff appeals. Affirmed.

A. E. Hammonds and John K. Weber, both of San Antonio, for appellant.

Heilbron, Kilday & Howard, of San Antonio, for appellees.

SMITH, J. The case discloses an anomalous commercial venture. It appears that W. B. Collins owned and operated a "wholesale and retail" grocery business, in which the stock of groceries carried was appraised at a value of $448. Some time in 1923 Collins "rented" the business to Fred Wegley for an indefinite period at a rental charge of $20 a month. It was stipulated in the agreement that Wegley should keep up the stock to the appraised level by replenishing it as it was depleted by sales, and at the end of the rent period, which could be terminated by either party upon a prescribed notice, Wegley was to turn back the stock to Collins. Wegley operated the business for a year or more, when Collins resumed charge of it. During the period of Wegley's incumbency, the Walker Moore Company, a wholesale grocer, sold

a bill of goods to Wegley, who failed to pay for it, and the company sued both Wegley and Collins, attempting to hold the latter under three alternative theories: First that he and Wegley were partners; second, that Collins was liable under the Bulk Sales Law (Vernon's Ann. Civ. St. 1925, art. 4001 et seq.), which defendants ignored in the transaction; and, third, that Wegley purchased the goods as Collins' agent. The trial court rejected all these theories, discharged Collins and held Wegley alone liable upon the account. The grocery company has appealed, endeavoring still to hold Collins.

[1, 2] Appellant has brought this appeal here without assignments of error, as required by statute and rule. Article 1844, R. S.; rules 23, 28. It appears that appellant filed a motion for new trial in the court below, and, if the grounds set out in the motion had been brought forward and briefed on appeal, the requirements of the statute and rules would have been met. But this was not done. No other assignments were filed in the court below, and this court is therefore without authority to consider other errors than those which are "fundamental" and "apparent upon the face of the record," whatever that may be. Kenedy Merc. Co. v. Ainsworth (Tex. Civ. App.) 281 S. W. 637; Garcia v. Hernandez (Tex. Civ. App.) 282 S. W. 899.

[3] It appears that the cause was tried by the court without a jury, and at the request of appellant the court filed his written findings of fact and conclusions of law, but refused to answer a series of interrogations, propounded in writing by appellant, and designed to elicit additional findings and conclusions of the court. Appellant thereupon filed "special exceptions" to the court's findings and conclusions, and to the refusal to answer the interrogations propounded to the court. These "special exceptions" are brought forward into appellant's brief and denominated "assignments of error," but they cannot be considered as such, any more than could bills of exception or objections to a charge, unless reduced to the form of assignments and filed in the court below as such. The statute and rules are plain upon the subject, and have been construed in too many decisions to require citation of authorities here. Appellant has wholly ignored the statute and rules in the case, and this court is without authority to consider other than fundamental error apparent of record. There are none such in this record.

We should add that we have carefully scrutinized the record, and conclude that there is evidence to support the trial court's findings of fact, which were full enough to develop the material facts of the case, and that upon those facts the court appears to have correctly resolved the questions of law.

The judgment is affirmed.