## DUCKWORTH et al. v. DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO. 6.
### (No. 7282.)

Court of Civil Appeals of Texas. Austin.
Nov. 7, 1928.

Ross Scott, E. E. Hurt, and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for plaintiffs in error.

BLAIR, J. The parties are designated appellants and appellee. Appellee, Dallas County Levee Improvement District No. 6, created under provisions of chapter 44 of the General & Special Laws (35th Leg., 4th Called Sess. as amended), and commonly referred to as the Laney Act, sued appellants for levee district taxes, and recovered judgment for the taxes and a foreclosure of the statutory lien on the lands involved.

Appellee moves to dismiss the appeal (a) because briefs were not filed by appellants within the time prescribed by law; and (b) no assignment of error was filed in the trial court or in this court.

In reply appellants contend that the errors complained of are fundamental errors apparent upon the face of the record, which must be considered by this court without assignments of error.

Courts of Civil Appeals are required under the provisions of articles 1837, 1838, and 1844, R. S. 1925, to consider and determine "an error in law * * * apparent upon the

face of the record," when such error is called to the attention of said courts. We therefore pass to a consideration of the record for fundamental error. Appellants contend, in their briefs and reply to the motion to dismiss, that two such errors appear, as follows:

1. It is contended that fundamental error apparent upon the face of the record is presented by the action of the court in overruling and refusing to sustain the pleas of limitation interposed by appellants' special exceptions to appellee's petition. With reference to this question, the record shows that appellants interposed special exceptions to at least a part of the cause of action asserted in appellee's petition upon the ground that the petition showed on its face that a part of the taxes sued for were barred by the two years' statute of limitation. The judgment recites that these special exceptions were overruled, and that appellants gave notice of appeal from the judgment rendered against them. The errors complained of in overruling these special pleas of limitation were not reduced to formal assignments of error and filed in the trial court as required by law, and the transcript of the record on this appeal contains no assignment of error with respect to these rulings.

■ The courts of this state have uniformly held that an "error apparent upon the face of the record" with reference to fundamental error in pleadings and rulings thereon, and reviewable on appeal without assignment of error, is defined as a prominent error, either fundamental in character or one determining a question on which every right of the case depends, and one which can be raised by a general demurrer to the pleadings. Vernon's 1925 Statutes, arts. 1837, 1838, and 1844, and cases cited in same statutes, volume 4, pp. 61–64. For more recent cases, see Vernon's Supplemental Annotation of the above articles.

■ It is equally as well settled, as was held in the case of Western Union Tel. Co. v. Golden (Tex. Civ. App.) 201 S. W. 1082, that:

"While the suggestion that a pleading is not good as against a general demurrer raises a question of fundamental error, the rule does not apply to objections raised by special exception."

See, also, Walker Moore Co. v. Wegley(Tex. Civ. App.) 287 S. W. 298.

A plea of limitation is a special defense which must be pleaded. It can be raised only by a special exception or plea. Limitation is a defense that may be waived. It can never be raised by a general demurrer. And, although limitation is made a valid defense by statute, courts have never gone out of their way to find some way to sustain such a defense, but have always required that it be properly presented by special exception or plea, and on appeal under a proper assignment of error. We therefore conclude that the overruling of the special exceptions or pleas of limitation does not present fundamental error apparent upon the face of the record, and, since appellants failed to reduce to form of assignment of error the action of the court overruling and refusing to sustain their special pleas of limitation and to bring such assignment of error forward in the transcript on appeal, they have waived that defense and are not entitled to have such alleged error reviewed here.

■ 2. It is also contended that the judgment is void as a matter of fundamental error apparent of record, in that the Laney Act under which appellee was created is unconstitutional as being violative of section 18, art. 5, of the Constitution, which defines the powers and jurisdiction of the commissioners' court, and as not authorizing said court to create appellee district, and that section 59 of article 16 of the Constitution does not authorize the said commissioners' court to create appellee district. While the question presented is one that may be regarded as fundamental error, still we find it unnecessary to discuss it because the question is foreclosed and settled against appellants' contention by decisions of both the Supreme Court and the Commission of Appeals, in the following cases: Rutledge v. State (Tex.) 7 S.W.(2d) 1071; Prudential Ins. Co. v. Dallas Co. Levee Dist. No. 3 (Tex. Civ. App.) 296 S. W. 974.

We find that the record presents no error requiring a reversal of the judgment which may be regarded as fundamental, and we therefore affirm the judgment of the trial court.

Affirmed.