## TRAVIS COUNTY v. MATTHEWS et al.

### No. 9919.

Court of Civil Appeals of Texas.
Austin.

Dec. 6, 1950.

Rehearing Denied Jan. 10, 1951.

Perry L. Jones, County Atty. of Travis County, Smith, Rotsch & Steakley, by Cecil C. Rotsch, Austin, for appellant.

Polk Shelton, of Austin, for appellees Warren S. Fruend, U. S. McCutcheon, American Indem. Co., and Standard Acc. Co.; Looney, Clark & Moorhead, Everett L. Looney, William A. Brown, and Ralph W. Yarborough, all of Austin, for appellee George S. Matthews.

HUGHES, Justice.

In Travis County v. Matthews, 221 S. W.2d 347, by this court, it appeared that a suit, in the nature of a mandamus proceeding, was instituted by George S. Matthews, then County Judge of Travis County, against Travis County and certain of its officials, to compel payment of compensation alleged to be due him for services rendered as a member of the Juvenile Board of Travis County. The trial of such suit resulted in a District Court judgment for Judge Matthews for the full amount claimed. Notice of appeal was given by the county and pending the appeal Travis County, acting through its Commissioners' Court, satisfied this judgment by payment. Upon proper motion and hearing and upon these facts, we held the case moot, reversed the trial court's judgment, and *dismissed the cause* without prejudice to the rights of the parties.

Our opinion in the above case was delivered May 11, 1949, and no motion for rehearing having been filed by any of the parties the judgment rendered in accordance with such opinion became final fifteen days later.

Subsequently and on August 13, 1949, the present suit was filed by Travis County against the same George S. Matthews, who was plaintiff in the previous suit, and against Warren S. Freund, U. S. McCutcheon, American Indemnity Company, and Standard Accident Insurance Company.

Defendants Freund and McCutcheon were County Commissioners of Travis County when the judgment in favor of Judge Matthews was paid, and the two insurance companies were sureties on their respective official bonds.

The purpose of the instant suit by Travis County is to recover all of the money paid Judge Matthews by the County in satisfaction of the District Court judgment in the previous suit, on the ground that there was no valid law authorizing payment of the compensation claimed by Judge Matthews, and in the alternative for the recovery of that portion of such money which was barred by the statute of limitations at the time the District Court judgment was rendered.

The judgment appealed from in this case is one of dismissal, the judgment being rendered in response to motions made by appellees and without any formal trial on the merits.

Generally, then it is appellant's contention that its pleadings stated a cause of action, and hence the trial court was not justified in dismissing the suit.

The pleadings of appellant are very lengthy. They have been excellently summarized in appellant's brief, which summary is set out in the footnote.[1]

1. The plaintiff alleged in its petition that during and for the term from January 1, 1947, to December 31, 1948, the defendant Matthews was County Judge of Travis County, and the defendants Freund and McCutcheon were County Commissioners; that the other two County Commissioners during that time were Sam N. Allred and Arthur A. Swenson (who are not named parties to this suit, and who are not alleged to be involved in the acts making the defendants liable in this case); that the defendants Freund and McCutcheon "unlawfully and without authority of law paid out and caused to be paid out to George S. Matthews" the sum of $11,213.82 from the general fund of Travis County, and the said defendant Matthews "unlawfully and without authority took said money and converted it to his own use and benefit" and refuses to return the same; and that

As we construe these pleadings a cause of action for the recovery of all or a portion of the money sued for is attempted to be based upon these legal concepts: (1) that payment of $8,213.82 of the money paid to discharge the District Court judgment was illegal because the Commissioners' Court had not ordered payment of or allowed claims for such amount during the terms of office in which Judge Matthews

the defendants Freund and McCutcheon paid out said money "wilfully, knowingly, maliciously and without pure motive and without good faith" as shown by the facts alleged. It was alleged that the defendant Matthews had been County Judge continuously from a date prior to 1941, having been elected in 1940, 1942, 1944 and 1946, but defeated for re-election in the election of 1948, and that he, as well as the defendants Freund and McCutcheon, was to go out of office on December 31, 1948 (but the other two Commissioners, Sam N. Allred and Arthur A. Swenson, had been re-elected and would stay in office); that the defendant Matthews did not make application for payment to him of any money as a member of the Juvenile Board under Senate Bill 61, passed in 1941 by the 47th Legislature, "until after he was defeated in the primary election in 1948, and after such defeat he made application to the County Commissioners in November, 1948, asking that he be paid $1,500.00 a year as a member of the Juvenile Board, from May 28, 1941, to November 1, 1948."

It was further alleged that in July, 1941, after the passage of said Senate Bill 61 by the 47th Legislature providing for additional salaries for County Judges serving as members of the Juvenile Board in certain counties, the Attorney General of Texas wrote Opinion No. O-3777, holding that said Bill was unconstitutional and that any payment thereunder was illegal; that the defendants Matthews, Freund and McCutcheon knew about said Attorney General's opinion; and that in November, 1948, the County Attorney of Travis County advised them that said Senate Bill 61 was unconstitutional and that it would be unlawful for the Commissioners' Court or any member to pay the defendant Matthews any money under the terms of said Bill.

It was alleged in the plaintiff's petition that said Senate Bill 61 was unconstitutional because it was a local and special law that applied only to Travis County and Hidalgo County, as they were the only counties at that time that had a population within the brackets prescribed by the Bill, to-wit, between 105,000 and 125,000, and that no notice of intention to apply for such law was published as required by the Constitution.

The plaintiff's petition further alleged that on November 19, 1948, George S. Matthews (a defendant in this case) filed suit No. 82,254 against Travis County asking that he, Matthews, be paid $10,-875.00 as compensation for being a member of the Travis County Juvenile Board from August 1, 1941, to November 1, 1948 (the petition in said suit 82,254 being copied in the plaintiff's petition in this case); that Travis County (as defendant in said suit No. 82,254) filed an answer in that suit alleging that said Senate Bill 61 was unconstitutional and pleading the two-year statute of limitations; that judgment was entered in said suit No. 82,254, in the 98th District Court of Travis County, on December 11, 1948, in favor of Matthews and against Travis County, but a notice of appeal was immediately given and an appeal perfected "and said appeal was in effect and said judgment not in effect, and said cause was pending and the answer of Travis County pleading the statute of limitations was on file and in effect on December 29, 1948," when said $11,213.82 was caused to be paid to Matthews by Freund and McCutcheon.

"It was alleged in the plaintiff's petition in this case that as a direct result of said acts on the part of the defendants, to-wit, Matthews, Freund and McCutcheon, the appeal of said suit No. 82,254 was "thwarted, frustrated and made moot in that the money for which George S. Matthews had filed suit in said cause had been paid to him by said acts of said parties," and the Court of Civil Appeals for the Third Supreme Judicial District of Texas dismissed said appeal on May 11, 1949, on the ground that said appeal was moot because of the payment of the money involved, "with the order that the trial court judgment be reversed and set aside and said cause No. 82,254 be dismissed without prejudice to the rights of any party thereto, as is shown by the opinion and judgment of the Court of Civil Appeals" in cause numbered 9796 on said Court's docket and reported in Vol. 221 S.W.2d at page 347.

It was alleged in the plaintiff's petition in this case that on December 1, 1948, the Commissioners' Court passed an order authorizing and directing the County Attorney (Perry L. Jones) to file an answer in said case No. 82,254 and to rep-

had earned such money; (2) that the allegations, considered as a whole, were sufficient to constitute bad faith on the part of appellees to such an extent as to make them liable for the full amount (or at least the amount barred by limitation) paid Judge Matthews; and (3) that the payment to Judge Matthews was illegal because based upon an unconstitutional law.

The statute upon which Judge Matthews' claim for additional compensation is based is Art. 3912e—5 Vernon's Ann.Civ.St., Acts 1941, 47th Leg. p. 549. This statute concludes, " * * * such additional salary shall be paid in twelve (12) equal installments out of the General Funds of such county, upon the order of the Commissioners' Court."

resent Travis County in said cause; that on December 15, 1948, Freund and McCutcheon endeavored to pay out said money to Matthews by a motion in the Commissioners' Court made by Freund and seconded by McCutcheon but said motion failed to pass as only Freund and McCutcheon voted for it and the other two Commissioners present, Allred and Swenson, voted against it; that three days later, December 18, 1948, Freund and McCutcheon again tried to open the door to pay out said money by Freund making a motion asking "the County Attorney to withdraw his notice of appeal (in suit No. 82,254 and Judge Matthews be paid according to judgment of the District Court," but such payment was again blocked by the fact that the motion failed to pass in that only Freund and McCutcheon voted for it, and Allred and Swenson voted against it.

The plaintiff's petition alleged then that On December 29, 1948, (two days before the defendants Matthews, Freund and McCutcheon were to go out of office, and while said case No. 82,254, involving legality of the payment and in which limitation was being urged, was still pending by virtue of being on appeal) Matthews, Freund and McCutcheon met, with Swenson also being present, but Commissioner Sam N. Allred not being notified of the meeting and not being present and being out of Travis County, and Matthews, Freund and McCutcheon knowing Allred was out of the county, and that at said meeting Freund made a motion, seconded by McCutcheon, that the claim of Matthews be paid, and said motion passed by Freund and McCutcheon voting for it and no vote being cast against it; and that the County Clerk and County Auditor complied with the terms of said motion and issued warrants (drafts) drawn on the County General Fund to Matthews in the total sum of $9,727.06, which Matthews cashed immediately on the General Fund at the Austin National Bank that day before 2 o'clock P. M., and issued a warrant (draft) drawn on the County General Fund for the payment

of Social Security (withholding) taxes in the sum of $1,486.76, which was cashed on the General Fund, making a grand total of $11,213.82 paid out by virtue of the acts of the defendants Matthews, Freund and McCutcheon two days before they were to go out of office, and on a day when Commissioner Allred was out of town, contrary to the advice of the County Attorney, and in disregard of case No. 82,254 pending in the Court of Civil Appeals in which unconstitutionality and the statute of limitations was being urged.

It was pleaded in this case that regardless of whether said Senate Bill 61 is constitutional or unconstitutional the payment of $8,213.82 of said money was unlawful because payments under said Bill could only be paid during the term of office when the order for payment was made, and that said $8,213.82 was for previous terms during which no such allowance by order of the Commissioners' Court had ever been made.

In the petition in this case the two-year statute of limitations was again pleaded, and it was specifically urged that by virtue of the statute of limitations being pleaded and invoked in said suit No. 82,254, which was pending on the fateful December 29, 1948, when the money was paid, "the statute of limitations was operative and in effect and was a bar to the payment of said money * * * for which reason the Commissioners' Court and the said Warren S. Freund and U. S. McCutcheon had no right or authority to pay said money to George S. Matthews and could not waive said statute of limitations," and that the defendants Matthews, Freund and McCutcheon, "are estopped and barred to plead and contend that the statute of limitations * * * has been waived by Travis County, because any waiver of said statute of limitations by Travis County was brought about and is based on the wrongful acts committed by the said George S. Matthews, Warren S. Freund and U. S. McCutcheon."

■ There is no provision in the statute specifying when the order of the Commissioners' Court should be made. Certainly there is no requirement that the order be made bi-annually, as appellant contends. The order in this case was belatedly made, but we believe in substantial compliance with the statute. Furthermore, we are of the opinion that the Commissioners' Court in making the order contemplated by the statute performs a ministerial act only and that the failure to enter any order could not deprive the County Judge of the compensation fixed by statute. There is no merit in this phase of appellant's purported cause of action.

Appellant charges that Commissioners Freund and McCutcheon acted "wrongfully, knowingly, maliciously, and without pure motive and without good faith" in voting for payment of the Matthews judgment, and that Judge Matthews "unlawfully and without authority took said money and converted it to his own use and benefit."

The fact allegations in support of these conclusions are (a) that the Matthews judgment was ordered paid by the Commissioners' Court two days prior to the expiration of the terms of office of Judge Matthews and Commissioners Freund and McCutcheon and at a time when one of the two other Commissioners was absent; (b) that Judge Matthews had deferred making claim for this compensation until after he had been defeated for re-election; (c) that all members of the Commissioners' Court had notice of an opinion by the Attorney General that the law upon which Judge Matthews based his claim was unconstitutional and that the County Attorney had given them similar advice; and (d) that when the judgment was paid notice of appeal had been given by the County Attorney and the questions raised by the pleas of unconstitutionality and limitation were still issuable.

■ It is elemental that if the official acts of Commissioners Freund and McCutcheon in the premises were lawful, then it is wholly immaterial that their motives may have been impure or that good faith was absent, " * * * it not being fraud for a person to do what he has a legal right to do * * *." 37 C.J.S., Fraud, § 1, pp. 204, 205.

There is no law which curtails the authority of a county judge or a county commissioner according to (1) whether he stands for re-election, (2) has been defeated for re-election, or (3) has only two days left to serve.

■ Nor was the validity of the order of directing payment of the Matthews judgment invalid because of the absence of one of the Commissioners. A quorum was present. Art. 2343, V.A.C.S.

■ We are not advised in what manner it is claimed that the legality of Judge Matthews' claim is affected by the date of its filing in relation to his defeat in the 1948 summer primary election. We perceive no materiality in this allegation.

■ We also attach no importance to the allegations that the Commissioners' Court had knowledge of an Attorney General's opinion that the statute involved was unconstitutional and of similar advice of the County Attorney in view of the fact that the District Court of Travis County had subsequently ruled otherwise. Neither the opinion of the Attorney General nor the advice of the County Attorney has the force of law. It was with proper propriety that the Commissioners' Court followed the advice of these officials prior to the rendition of a judgment by the District Court, a court of competent jurisdiction. Thereafter, the complexion of matters was entirely different. The final judgment of a district court is just as decisive and just as enforceable as a final judgment of the Supreme Court. The question is then: Should the acceptance of this District Court judgment by Travis County furnish any evidence of fraud, bad faith, or impure motives on the part of the Commissioners' Court? If so, then a similar taint of fraud would attach to a great majority of district court judgments because only a small per cent of them are appealed.

■ There is no statute which requires a county to appeal from an adverse judgment. The question of whether to appeal involved a matter of discretion. Opposed

to the advice of the Attorney General and the County Attorney was the reality of a local district court judgment, the expense of an appeal, interest on the judgment, and the possibility of a 10% penalty. Rule 438, Texas Rules of Civil Procedure.

■ These considerations fail to leave an implication of wrongdoing in the action of the Commissioners' Court in ordering the Matthews judgment paid.

■ We are also unable to agree with appellant that the County Attorney of Travis County could prosecute an appeal in the former Matthews suit against the wishes of the Commissioners' Court of Travis County. A county may sue and be sued. Rule 33 T.R.C.P. If a county may be sued it certainly has the right to defend itself, and this right of defense is held by the Commissioners' Court since the powers and duties of a county are vested in a Commissioners' Court, which court is the executive head of the business affairs of the county. 11 Tex.Jur., p. 614, Seagler v. Adams, Tex.Civ.App., 238 S.W. 707, affirmed 112 Tex. 583, 250 S.W. 413; Looscan v. County of Harris, 58 Tex. 511. In this connection we consider wholly inapplicable Art. 339, V.A.C.S., which provides that a county attorney who has knowledge that any officer in his county " * * * entrusted with the collection or safe-keeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law * * " shall institute such proceedings as are necessary to protect the public interests.

■ It is obvious that a suit by a county official against the county for services performed by such official is not within the class of actions defined in the above statute.

A great deal is said in the briefs about limitation. The two-year statute of limitations, Vernon's Ann.Civ.St. Art. 5526, was pleaded defensively by the county in the former suit and was pleaded offensively by the county in this suit.

We fail to see how the two-year statute of limitations is involved in this case except in connection with the fact that such plea was made in the former case and then only as such fact may bear on the allegations of bad faith and impure motives.

■ In the present suit the county is plaintiff and its affirmative plea of the two-year statute of limitations, except as stated above, is of no substance because as to personal actions "Statutes of limitations do not confer any right of action, but are enacted to restrict the period within which the right, otherwise unlimited, might be asserted." American National Ins. Co. v. Hicks, Tex.Com.App., 35 S.W.2d 128, 130, 75 A.L.R. 623. Any other rule would permit a person who paid a just debt which was barred by limitation to sue for its recovery.

It is quite true that a major portion of the amount sued for by Judge Matthews in the former suit was barred by limitation. Jackson v. Tom Green County, Tex.Civ. App. Austin, 208 S.W.2d 115 (Writ Ref. N.R.E.). In spite of the plea of limitations in such suit the trial court rendered judgment for Judge Matthews. This judgment must have been based upon a finding that Travis County had waived or abandoned the plea of limitations because appellant alleges in this suit that the Commissioners' Court and its members "were under a legal duty to assert all available legal defenses on behalf of Travis County in said cause No. 82,254, including the defense of the statute of limitations, and they had no right or authority to waive said statute of limitations, and any waiver or attempted waiver on their part was illegal and of no effect."

We need not determine and we do not determine whether or not a county may waive the statute of limitations. All that we need determine is whether the Commissioners' Court in accepting the judgment of the District Court that limitations could be waived by the county was acting with impure motives and in bad faith.

The judgment of the District Court, in this respect, was not patently wrong. It was not such a judgment as to shock the conscience of a layman, nor even to disturb the aplomb of those learned in the law.

It would be an odd conscience indeed which would be outraged by the payment of

a just debt which was uncollectible simply by reason of the lapse of time.

As to the law, the County advises us in its brief that it "* * * must frankly state to this court that we have not been able to find a Texas court decision on the direct fact question of whether the county commissioners have the authority to waive pleading the statute of limitations when a suit barred by limitations is filed against the county asking for payment out of the county funds * * *."

The principal argument of appellant is based, by analogy, on the rule which requires a representative of a decedent's estate to plead limitations. The reason for this rule was stated long ago by Chief Justice Hemphill: "That, as a general rule, administrators must avail themselves of the statute, where the demand is barred by limitation, is admitted. It has been recognized and adopted by this court; and administrators would, if they transcend the rule, subject themselves to personal liability. But this rule, as most other general principles, has its exceptions. It is based on sound policy. Administrators, generally, cannot know with certainty, whether a demand against the deceased has been paid or not. This is especially the case where the demand has become stale or obnoxious to the laws of limitation, from the lapse of time. As a matter of policy, then, and as one very beneficial to estates, administrators are required to set up the statute, in cases to which it applies." Estes v. Browning, 11 Tex. 237.

It would seem very incongruous to apply this reasoning to a county which never dies and whose business is reflected by official records open to public inspection.

On the other side of the ledger we find that the State may waive limitations. State v. Elliott, Tex.Civ.App. Galveston, 212 S. W. 695 (Writ Ref.). A school district may waive limitations. Frost v. Fowlerton Consolidated School District No. 1, Tex.Civ. App. Beaumont, 111 S.W.2d 754. The Supreme Court did not question the power of a city to waive limitations in City of Houston v. Jankowskie, 76 Tex. 368, 13 S.W. 269. See also City of Tyler v. L. L. Jest-er & Co., Tex.Civ.App., 74 S.W. 359, affirmed 97 Tex. 344, 78 S.W. 1058.

In 53 C.J.S., Limitations of Actions, § 24, p. 959, it is said: "Power to waive limitations has been held to extend to a state, a county, and a municipal corporation."

When a county comes into court it comes as any other litigant. 11 Tex.Jur. pp. 614-615; Brite v. Atascosa County, Tex.Civ.App. San Antonio, 247 S. W. 878 (Writ Dis.); McKinney v. Freestone County, Tex.Com.App., 291 S.W. 529. And, even though a county is essentially an instrumentality of the state, "the general limitation statutes are with certain defined exceptions available in defense of suits by counties." Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499, 501, 98 A.L.R. 1213.

The statute of limitations while no longer an odious plea is one which must be specially pleaded and one which courts do not go out of their way to sustain. Duckworth v. Dallas County Levee Improvement Dist. No. 6, Tex.Civ.App. Austin, 11 S.W.2d 263.

We believe the tenor of the law on the subject of the right of a county to waive a plea of limitation to be such that no semblance of bad faith can be attached to the action of the Commissioners' Court in abiding by the judgment of the District Court upholding such right.

We come now to the only question of substance which we believe to be in this case—the constitutionality of Art. 3912e—5. The judgment in the former case furnishes no impediment here because in that case we set aside the judgment and dismissed the case. The only authority now for the payment of Judge Matthews' claim is the statute, and if this statute is invalid the county is entitled to judgment for its recovery. Cameron County v. Fox, Tex. Com.App., 2 S.W.2d 433.

Appellant alleged that the act under consideration is a local and special law because it applied only to Travis and Hidalgo Counties, that it was passed without giving notice as required by Sec. 57, Art. III of the State Constitution, Vernon's Ann.St., and

therefore alleged and now contends that it violated the following provisions of Sec. 56, of Art. III of the Texas Constitution, Vernon's Ann.St.:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

\* \* \* \* \* \*

"Regulating the affairs of counties, cities, towns, wards or school districts;

\* \* \* \* \* \*

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;

\* \* \* \* \* \*

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of the game and fish of this State in certain localities."

Article 3912e—5, V.A.C.S., reads: "In all counties having a population of not less than one hundred five thousand (105,000) nor more than one hundred twenty-five thousand (125,000) according to the last preceding or any future Federal Census, the County Judge shall receive the sum of Fifteen Hundred ($1500.00) Dollars annually in addition to his salary now or hereafter provided by law, such addition in salary to be paid such County Judge as a member of the Juvenile Board provided by Article 5139, Revised Civil Statutes, 1925; such additional salary shall be paid in twelve (12) equal installments out of the General Funds of such county, upon the order of the Commissioners' Court."

In Lamon v. Ferguson, Tex.Civ.App., 213 S.W.2d 86, 87, we had before us a similar statute and its constitutionality was sus- tained against the same objections which are made here.

In that case a district judge was awarded the benefits of the statute and here a county judge is asking the same treatment. We do not believe this distinction nor the fact that the statute in the Lamon case had a broader application than the statute here[2] to be material, if the principles upon which our decision in the Lamon case rested are correct.

In addition to the authorities there cited we refer to Harris County Flood Control District v. Mann, 135 Tex. 239, 140 S.W. 2d 1098, 1104, where the court held a legislative act creating a flood control district for Harris County only, and which designated the Commissioners' Court of Harris County the governing body of such district with many powers and duties, to be valid and not violative of the constitutional provision prohibiting passage of a local law regulating the affairs of counties, or "\* \* prescribing the powers and duties of officers, in counties \* \* \*", because of "\* \* \* our holding that this Act creates this District as a State governmental agency \* \* \*." This holding was made even though the Supreme Court found that the members of the Commissioners' Court in performing the duties required by such act were transacting "county business."

We adhere to our opinion in the Lamon case and overrule appellant's contention that this statute is unconstitutional.

 In view of the conclusions hereinabove stated we hold that the pleadings of appellant did not state a cause of action and that the court did not err in dismissing its suit.

These holdings make immaterial all procedural questions raised by appellant.

The judgment of the trial court is affirmed.

2. Also, the statute in the Lamon case was made applicable to counties of certain population according to the "last preceding Federal Census," whereas, the act here is made applicable to counties having a certain population according to the "last preceding or any future Federal Census". We consider this to constitute no difference in view of the definition given the term "Preceding Federal Census" by Sec. 8, Art. 23, V.A.C.S.