

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 19, 1951

Hon. Sam W. Davis
Criminal District Attorney
Houston 2, Texas

Opinion No. V-1207

Re: Validity and applica-
bility to Harris County
of Sec. 1a, Art. 5139,
V.C.S., allowing addi-
tional compensation for
service on the juvenile
board by county judges
of counties which border
on the Gulf of Mexico
and have a population
above 100,000.

Dear Sir:

The request of your office states that a for-
mer County Judge of Harris County has filed a claim
against the county for unpaid salary in the sum of $2,-
320.83 for acting as a member of the Juvenile Board of
Harris County under the provisions of Article 5139,
V.C.S., which provides in part as follows:

"Sec. 1a. In any county having a popu-
lation of one hundred thousand (100,000) or
over according to the preceding Federal Cen-
sus, and which said counties border on the
Gulf of Mexico, the members composing such
Juvenile Board in such county, including the
County Judge as a member of said Board, shall
each be allowed additional compensation in
the amount of One Thousand Five Hundred ($1,-
500.00) Dollars per annum, which shall be
paid in twelve (12) equal installments out
of the General Fund of such county upon the
order of the Commissioners Court. Compensa-
tion herein provided shall be in addition to
the salary paid District Judges and County
Judges of the State and county."

You ask two questions, viz.:

Does Harris County border upon the Gulf
of Mexico within the meaning of Article 5139,
V.C.S.?

Is Article 5139, V.C.S., unconstitutional under the provisions of Article III, Section 56, Constitution of Texas?

Harris County fronts on Galveston Bay, which is an arm of the Gulf of Mexico.

The emergency clause of the statute which added Section 1a of Article 5139 (Acts 51st Leg., R.S. 1949, ch. 366, p. 699) reads:

"The fact that there are numerous juvenile problems involved in those counties bordering on the Gulf of Mexico which require additional work and consideration on the part of the County Judges who are members of Juvenile Boards, because of the nature of juvenile problems arising in port cities and elsewhere along the coast, creates an emergency . . ."

Although Harris County borders on Galveston Bay, which is a part of the inland waters of the State (see Humble Oil & Refining Co. v. Sun Oil Co., C.C.A. 5th, 1951, yet unreported), we think the reference to "port cities" and "the coast" clearly indicates that the purpose of the Act was to include all coastal counties and that the term "Gulf of Mexico" was used in a loose sense to include its arms and inlets. The additional work for which compensation is granted arises from conditions existing in port cities and coastal areas. The existence of these conditions does not depend on whether the coastal counties touch on the Gulf of Mexico proper. Your first question is accordingly answered in the affirmative.

Section 56 of Article III, Constitution of Texas, provides in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, . . .

"Regulating the affairs of counties, cities, towns, wards or school districts; . . ."

In Lamon v. Ferguson, 213 S.W.2d 86 (Tex.Civ. App. 1948), the court had before it for consideration a similar act in which it held that the judges comprising the juvenile board were performing a duty on behalf of the State and therefore the act was not unconstitutional

as being a local or special law regulating the affairs of counties.  This holding was reaffirmed in Travis County v. Matthews, 235 S.W.2d 691 (Tex.Civ.App. 1950, error ref. n.r.e.).

You are therefore advised that Article 5139, V C.S., does not violate Section 56 of Article III of the Constitution of Texas.

## SUMMARY

Section la of Article 5139, V.C.S. which creates juvenile boards in certain counties, is applicable to Harris County. This statute is not a local or special law within the meaning of Section 56 of Article III of the Constitution of Texas.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *Bruce Allen*

Bruce Allen
Assistant