

# THE ATTORNEY GENERAL
# OF TEXAS

June 29, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Lloyd Criss
Chairman
Committee on Labor & Employment
   Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-732

Re:  Validity of  section 5  of
article 5154a, V.T.C.S., which
requires labor union organizers
to register with the secretary
of state

Dear Representative Criss:

You inquire about the validity of section 5 of article 5154a, V.T.C.S., which requires labor union organizers soliciting union members in Texas to carry an organizer's card issued by the secretary of state. You note that in 1945 the United States Supreme Court held this provision to be unconstitutional as applied to a national labor leader who addressed a large group meeting in Texas. Thomas v. Collins, 323 U.S. 516 (1945). You state that subsequent court decisions may bear on the interpretation of this statute and wish to know whether it should still be considered valid.

Article 5154a, V.T.C.S., regulates labor unions. A purpose of the statute is to protect workers. V.T.C.S. art. 5154a, §1.

Section 5 of article 5154a, V.T.C.S., provides as follows:

> Sec. 5. All labor union organizers operating in the State of Texas shall be required to file with the Secretary of State, before soliciting any members for his organization, a written request by United States mail, or shall apply in person for an organizer's card, stating (a) his name in full; (b) his labor union affiliations, if any; (c) describing his credentials and attaching thereto a copy thereof, which application shall be signed by him. Upon such applications being filed, the Secretary of State shall issue to the applicant a card on which shall appear the following: (1) the applicant's name; (2) his union affiliation; (3) a space for his personal signature; (4) a designation, 'labor organizer'; and, (5) the signature of the Secretary of State, dated and attested by his

seal of office. <u>Such organizer shall at all times, when soliciting members, carry such card, and shall exhibit the same when requested to do so by a person being so solicited for membership.</u> (Emphasis added).

"Labor Organizer" is defined as

any person who for a pecuniary or financial consideration solicits memberships in a labor union or members for a labor union. . . .

V.T.C.S. art. 5154a, §2(c). A labor organizer who violates section 5 or any other provision of article 5154a, V.T.C.S., is "deemed guilty of a misdemeanor" and upon conviction is subject to a fine not to exceed five hundred dollars, confinement in the county jail not to exceed 60 days, or both a fine and imprisonment. V.T.C.S. art. 5154a, §11. We understand that the secretary of state's duty to issue this card is purely ministerial. <u>See</u> 1 T.A.C. §73.3 (1976) (upon receipt of an application, secretary <u>shall</u> issue card). The judicial decisions on licensing provisions for union organizers raise the following issues: (1) Whether section 5 of article 5154a, V.T.C.S., is consistent with the speech and association rights protected by the First and Fourteenth Amendments to the United States Constitution and (2) whether it is preempted by the National Labor Relations Act, 29 U.S.C. sections 151-57 (1982).

<u>Thomas v. Collins</u>, <u>supra</u>, involved the application of section 5, article 5154a, V.T.C.S., to a labor leader who gave a speech advocating unionization. The Texas Supreme Court found the provision constitutional in <u>Ex parte Thomas</u>, 174 S.W.2d 958 (Tex. 1943). The United States Supreme Court reversed, holding that the provision could not be constitutionally applied to a person who went to Texas for a single purpose -- to make a speech proclaiming the advantages of unionization and encouraging workers to join a particular local in connection with a campaign for members. 323 U.S. at 533. The Court stated that

[w]e think a requirement that one must register before he undertakes to make a public speech to enlist support for a lawful movement is quite incompatible with the requirements of the First Amendment.

323 U.S. at 540. The Court noted that when a speaker also engages in conduct such as undertaking to collect funds or to secure subscriptions, "he enters a realm where a reasonable registration or identification requirement may be imposed." <u>Id.</u> In <u>Thomas v. Collins</u>, however, any solicitation by the speaker was an inseparable incident

of the speech and therefore not punishable. The Court thus did not decide whether section 5 of article 5154a could be constitutionally applied to labor organizers soliciting union memberships outside the context of a public speech. The Court expressly left open the question of whether section 5 was consistent with the National Labor Relations Act:

> Since a majority of the Court do not agree that section 5 or its present application conflicts with the National Labor Relations Act, our decision rests exclusively upon the grounds we have stated for finding that the statute as applied contravenes the Constitution.

Id. at 542.

In a recent case, the United States Supreme Court has stated its understanding of the First Amendment issue discussed in Thomas v. Collins. In Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. 620 (1980), the Court held unconstitutional on First Amendment grounds a village ordinance prohibiting solicitations by charitable organizations that did not use at least 75 percent of their receipts for charitable purposes. The ordinance prohibited solicitations by advocacy organizations which existed to disseminate information and ideas, because over 25 percent of their receipts went to salaries and administrative expenses. The ordinance was unconstitutionally overbroad and substantially limited the protected speech interests intertwined with solicitation of funds. The Court said of Thomas v. Collins:

> Thomas v. Collins (citations omitted) held that the First Amendment barred enforcement of a state statute requiring a permit before soliciting membership in any labor organization. Solicitation and speech were deemed to be so intertwined that a prior permit could not be required. The Court also recognized that 'espousal of the cause of labor is entitled to no higher constitutional protection than the espousal of any other lawful cause.' (Citations omitted). The Court rejected the notion that First Amendment claims could be dismissed merely by urging 'that an organization for which the rights of free speech and free assembly are claimed is one 'engaged in business activities' or that the individual who leads it in exercising these rights receives compensation for doing so.' (Citations omitted). Concededly, the 'collection of funds' might be subject to reasonable regulation, but the

> Court ruled that such regulation 'must be done,
> and the restriction applied, in such a manner as
> not to intrude upon the rights of free speech and
> free assembly.' (Citations omitted).

444 U.S. at 631. Thus, the Court reiterated the view expressed in Thomas v. Collins that the collection of funds might be subject to reasonable regulation, if done in a way that does not intrude upon First Amendment rights.

Thomas v. Collins, as rendered by the Supreme Court in 1945 and as cited in 1980, leaves open the question of whether article 5, section 5154a, V.T.C.S., is facially constitutional. Two Texas decisions have addressed the constitutionality of this provision since the Supreme Court held it unconstitutional as applied in Thomas. In American Federation of Labor v. Mann, 188 S.W.2d 276 (Tex. Civ. App. - Austin 1945, no writ), a labor union brought a declaratory judgment action to test the constitutionality of article 5154a, V.T.C.S. The court relied on the United States Supreme Court ruling in Thomas v. Collins and the construction given section 5 by the Texas Supreme Court in Ex parte Thomas to find section 5 valid as a registration statute applicable to paid labor organizers who solicit members through methods other than as part of a public speech to assembled employees. 188 S.W.2d at 279. The court stated that the purpose of the statute was to protect labor and the public against imposters. Id.; see also Ex parte Thomas, supra.

In 1954, the Texas Court of Criminal Appeals upheld a conviction for violation of section 5 of article 5154a. Coutlakis v. State, 268 S.W.2d 192 (Tex. Crim. App. 1954). The primary issue before the court was whether the National Labor Relations Act (NLRA) preempted section 5, but the court also concluded that article 5154a and its application to defendant did not deprive him of his First Amendment rights. In answer to a challenge that the term "solicit" was not clearly defined by statute the court stated:

> As here used, it means 'to entice, to request, to
> incite' and surely it does not contain the further
> proposition that it should be a successful
> solicitation evidenced by the passage of money
> from one person to another. (Emphasis added).

268 S.W.2d at 198. This language suggests that a solicitation attempts to collect funds, conduct which the Supreme Court has said is subject to reasonable regulation. Thomas v. Collins, 323 U.S. at 540-41; see also Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. at 632-33.

The Supreme Court has not held section 5 of article 5154a, V.T.C.S., facially unconstitutional. Moreover, two Texas cases since Thomas v. Collins have found the statute constitutional. The Texas Court of Criminal Appeals has suggested an interpretation of the provision that would render it constitutional. If the Texas Supreme Court were faced directly with this question, it would have an opportunity to give a construction to this statute which would render it constitutional. Therefore, we cannot advise you that this provision violates the First Amendment on its face.

We will next consider whether section 5 of article 5154a, V.T.C.S., conflicts with the NLRA. As already pointed out, the opinion in Thomas v. Collins stated that a majority did not agree that there was such a conflict. The defendant in Coutlakis v. State, 268 S.W.2d 192, argued that section 5 was repugnant to the NLRA, relying on Hill v. State of Florida ex rel. Watson, 325 U.S. 538 (1945). This case found a Florida statute on licensing of a union "business agent" to be inconsistent with the NLRA. The majority of the Court of Criminal Appeals in Coutlakis found the Florida statute distinguishable from the Texas statute and determined that neither Hill, supra, nor Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776, 346 U.S. 485 (1953), required it to find section 5 inconsistent with the NLRA. A dissenting judge relied on Hill and Garner to conclude that section 5 of article 5154a, V.T.C.S., was preempted.

Garner dealt with federal preemption of a grievance arising out of peaceful picketing. The NLRA gave the National Labor Relations Board jurisdiction so that the state court could not adjudge the controversy. Hill v. State of Florida determined that the Florida licensing statute was inconsistent with section 157 of chapter 7 of the NLRA which provides as follows:

> Employees shall have the right to self-organiza-
> tion, to form, join, or assist labor organiza-
> tions, to bargain collectively through represen-
> tatives of their own choosing, and to engage in
> other concerted activities for the purpose
> of . . . mutual aid or protection. . . .

29 U.S.C. §157 (1982). The Florida statute governed the licensing of union "business agents," defined to include labor organizers and collective bargaining agents. Licenses were denied persons who had not been United States citizens for over ten years, who had been convicted of a felony, or who were not of good moral character. 325 U.S. at 540. The Court determined that this provision limited the workers' freedom to choose collective bargaining representatives guaranteed by chapter 7 of the NLRA. 29 U.S.C §157 (1982); see also 29 U.S.C. §151 (1982). There was no discussion of the licensing

scheme as it affected solicitation of union memberships. The Court also found that a requirement that the union file certain information with the secretary of state was preempted. The requirement alone did not conflict with the act, but the enforcement by injunction and criminal penalty did conflict. The Court stated:

> It is the sanction here imposed, and not the duty to report, which brings about a situation inconsistent with the federally protected process of collective bargaining.

325 U.S. at 543.

The Supreme Court has recently overruled the Hill ruling that the NLRA preempts state laws establishing qualifications for union officials. In Brown v. Hotel & Restaurant Employees and Bartenders Int'l Union Local 54, 468 U.S. 491 (1984), the Court determined that chapter 7 of the NLRA did not preempt a New Jersey law establishing qualifications for officials of unions representing casino industry employees. Subsequent to the Hill v. State of Florida decision, Congress enacted the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C. §§401 et seq. (1982). The act expressly disclaims congressional intent to preempt all state regulation of bargaining representatives:

> Except as explicitly provided to the contrary, nothing in this chapter shall reduce or limit the responsibilities of any labor organization or any officer, agent, shop steward, or other representative of a labor organization, or of any trust in which a labor organization is interested, under any other Federal law or under the laws of any State, and, except as explicitly provided to the contrary, nothing in this chapter shall take away any right or bar any remedy to which members of a labor organization are entitled under such other Federal law or law of any State. (Emphasis added).

29 U.S.C. §523(a) (1982); see also 29 U.S.C. §401. "Officer, agent, shop steward, or other representative" includes organizers who exercise substantial independent authority. Id. §402(q). It is possible that section 523(a) of the Labor-Management Reporting and Disclosure Act of 1959 expressly disclaims intent to preempt section 5 of article 5154a, V.T.C.S., insofar as it applies to an organizer who exercises substantial independent authority. Moreover, no court has ever determined that section 5 was preempted in any degree by chapter 7 of the NLRA. The United States Supreme Court acknowledged uncertainty on this question. Thomas v. Collins, supra. The Texas

Court of Criminal Appeals addressed this question in <u>Coutlakis v. State</u> and found no preemption. Moreover, the Labor-Management Reporting and Disclosure Act of 1959 as interpreted by <u>Brown v. Hotel Employees</u>, <u>supra</u>, has changed the law on preemption of state laws by the NLRA.

This office, in carrying out its duty to provide legal advice, must rely on the decisions of the courts. <u>See</u> <u>Travis County v. Matthews</u>, 235 S.W.2d 691 (Tex. Civ. App. - Austin 1950, writ ref'd n.r.e.); Attorney General Opinion H-373 (1974). Article 5154a, section 5, was found valid in <u>Mann</u> and <u>Coutlakis</u>, the most recent judicial decisions on this question. Our research has not located any judicial decision or statute which overrules these cases. Although we might view your question differently in the absence of judicial authorities, we are bound by case law and must advise you that section 5 of article 5154a, V.T.C.S., must still be considered valid.

## S U M M A R Y

Section 5 of article 5154a, V.T.C.S., does not facially violate the First Amendment of the United States Constitution and is not preempted by the National Labor Relations Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General