**CAMERON COUNTY,**
Texas, Appellant,

v.

**LONE STAR NATIONAL BANK, Appellee.**

**No. 13–01–875–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 5, 2003.

Francisco J. Martinez, Assistant District Attorney, Brownsville, for appellant.

A.C. Nelson, James E. Belton, Gomez & Belton, Brownsville, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and MAURICE AMIDEI.[1]

## OPINION

Opinion by Justice RODRIGUEZ.

Appellee, Lone Star National Bank (the Bank), filed a petition for declaratory judgment seeking a determination as to whether a depository contract between the Bank and Cameron County, Texas, was valid and legally binding on the parties. Appellant, the Cameron County Attorney, filed a petition in intervention. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997).[2] Attorneys from the Civil Legal Department of the Commissioners Court who represented Cameron County in the declaratory judgment action, filed a motion to strike appellant's intervention petition. The district court granted the motion. Following a final summary judgment entered in favor of the Bank, appellant appealed the trial court's striking of her petition. By two issues, appellant contends she has standing, and, because the trial court struck her intervention petition, she

did not have a meaningful opportunity to prepare and present her case. We affirm.

▇▇▇ Standing is a constitutional prerequisite to maintaining suit in state court. *Williams v. Lara,* 52 S.W.3d 171, 178 (Tex. 2001). Appellant argues that her authority to represent the interests of Cameron County—her standing to intervene—is based on section 41.009 of the government code. *See* TEX. GOV'T CODE ANN. § 41.009 (Vernon 1988). Appellant contends that, based on section 41.009, she can represent Cameron County without the express approval of the Commissioners Court when the issues involve the safekeeping of public funds. We disagree and conclude that section 41.009 is not applicable in this case. *See Travis County v. Matthews,* 235 S.W.2d 691, 697 (Tex.App.-Austin 1950, writ ref'd n.r.e.) (discussing article 339, predecessor of section 41.009).

Section 41.009 of the government code provides:

[i]f a district or county attorney learns that an officer in his district or county who is entrusted with the collection or safekeeping of public funds is neglecting or abusing the trust confided in him or is failing to discharge his duties under the law, the district or county attorney shall institute the proceedings that are necessary to compel the performance of the officer's duties and to preserve and protect the public interest.

*Id.* This section authorizes a county attorney to institute proceedings against any officer in her district or county who is entrusted with the collection or safe keep-

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. Section 37.006(a) provides:
[w]hen declaratory relief is sought, all persons who have or claim any interest that

would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.
TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997).

ing of any public funds, should the county attorney learn that the officer is neglecting or abusing the trust confided in him or is failing to discharge his duties under the law. *See* Tex. Gov't Code Ann. § 41.009 (Vernon 1988); *see also Travis County*, 235 S.W.2d at 697. It is obvious that an intervention in a declaratory judgment action seeking to determine whether a depository contract between the Bank and Cameron County was valid and legally binding on the parties is not within the class of actions defined by the above statute. *See Travis County*, 235 S.W.2d at 697.

> As the administrative head of county government, a commissioners court . . . possesses broad implied powers to accomplish its legitimate directives. These powers include the authority to contract with experts when necessary, including attorneys. . . .
>
> [T]he courts of this state have for the last century upheld the power of a commissioners court to hire counsel to assist it or other officials in carrying out their responsibilities so long as the statutory duties of other county officials are not thereby usurped. As long as the commissioners court does not impinge on the statutory duties of other officials, it retains the implied power to control litigation and choose its legal remedies.

*Guynes v. Galveston County*, 861 S.W.2d 861, 863–64 (Tex.1993) (citations omitted). The Commissioners Court has not impinged on appellant's statutory duties outlined in section 49.001; therefore, the court retains the power to control litigation and choose its own legal remedies. *See id.* We fail to see how section 41.009 of the government code provides authority for appellant to intervene in this declaratory judgment action. *See, e.g., County of Ward v. King*, 454 S.W.2d 239, 240–41 (Tex.App.-El Paso 1970, writ ref'd w.o.j.)

(case dismissed on basis county attorney had no authority to institute proceedings against county judge and each commissioner seeking to enjoin them from spending county funds on retirement program for county employees); *Harwell v. Ward County*, 314 S.W.2d 868, 870 (Tex.App.-El Paso 1958, writ ref'd n.r.e.) (per curiam) (court concluded grand jury could not authorize the county attorney to bring suit against five members of commissioners court for value of wire and post, and labor for installing fence).

Appellant also contends she is intervening on behalf of herself and as representative of residents of Cameron County, Texas. However, there is no allegation in the petition in intervention of such authority, and there is no evidence in the record to support such representation. Moreover, this argument has not been adequately briefed for our review. *See* Tex.R.App. P. 38.1(h) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and record).

Accordingly, we overrule appellant's first issue.

Because of the disposition of issue one, we need not address the remaining issue. *See* Tex.R.App. P. 47.1. Furthermore, the Bank's motion to dismiss the appeal that was carried with this case is, hereby, dismissed as moot.

We affirm the judgment of the trial court.