## THE STATE v. GEORGE ALLEN AND OTHERS.

1—An account rendered by the comptroller of public accounts against an assessor and collector of taxes, and placed in the hands of a district attorney for suit, is *prima facie* correct, and, when offered in evidence, no testimony to establish it is necessary. (Paschal's Digest, Art. 3707.)

2—A district attorney has certain duties and powers, which are prescribed by the Legislature. He is an agent or attorney of special and limited, and not of general powers.

3—When the comptroller of public accounts has officially decided that an assessor and collector is in default to the State, and has furnished a district Attorney with an account of the indebtedness of the assessor and collector to the State, with directions to bring suit therefor, the district attorney has no power to compromise with the debtor, either before suit is brought, during its pendency, or after judgment.

4—All citizens are chargeable with notice of the acts of the Legislature, and, among them, of Art. 193, Paschal's Digest, which invalidates any admission by a district attorney to the prejudice of the State.

ERROR from Bastrop. Tried below before the Hon. David Sheeks.

The State instituted two suits in the District Court of Bastrop county against George Allen, and his sureties, on two official bonds given by him as assessor and collector of Bastrop county. Consent judgments, amounting in the two cases to fourteen hundred dollars, were rendered in favor of the State on an alleged indebtedness, as shown by the comptroller's statements, of some seven thousand dollars, besides license taxes alleged to have been collected.

The grounds on which the rulings of this court are placed, obviate any necessity of giving details of the cases.

The opinion here printed was rendered in one of the cases. The other was reversed and remanded for the same reasons.

*E. B. Turner*, Attorney General, for the State.

*Jones & Sayers*, for the defendants in error.

MORRILL, C. J.—The plaintiff sued Allen and his sureties as assessor and collector, claiming a judgment for fifteen thousand dollars, based upon the account current of Allen and the comptroller of public accounts of the State, as furnished by the comptroller.

Defendants pleaded payments and discounts, etc. The judgment rendered was as follows, viz:

"Now, on this the 27th day of May, A.D. 1869, came on this cause to be tried, the State of Texas by her district attorney, and the defendants, Geo. Allen, John Fawcett, O. W. Ship and George Warren, by their attorneys; and by agreement of parties, it is considered, adjudged and decreed by the court that the State of Texas do have and recover of and from the defendants, Geo. Allen, John Fawcett, O. W. Ship and Geo. Warren, the sum of five hundred dollars and all costs of suit, for which execution may issue."

The Attorney General has brought the cause to this court by error, and assigns as error—first, that the judgment was

rendered by agreement, when no person had authority to make any agreement on the part of the State in the premises.

Art. 192 provides "that no admission made by the district attorney in any suit or action in which the State is a party, shall operate to prejudice the interest of the State."

The account as rendered by the comptroller of public accounts, and which was placed in the hands of the district attorney for suit, amounted, as above stated, to fifteen thousand dollars. This account was *prima facie* correct, and no testimony was required to substantiate the correctness of it. (Art. 3707.)

It might, therefore, be regarded as proven before the court that the defendants were indebted to the State in said sum; and had the district attorney not consented to a judgment of five hundred dollars, as matters stood when this agreement was made, the State would have recovered three times this amount.

The propriety of the statute is as well illustrated and substantiated by this transaction as by the one historically known as the cause of it.

A district attorney, as well as every other officer or agent of the State, has certain prescribed duties to perform. He is an agent or attorney having a special and limited, and not a general power. The several acts of the Legislature comprise his duties, and designate what he can do, as well as the method of so doing, and also what he is not permitted to do. An attorney-at-law is supposed to have an equivalent to a general power of attorney, to do whatever his principal could do in a case pending in court. Whatever, therefore, is done by an attorney, in the legal discharge of his duties, is the act of his principal, and is binding. But a district attorney has no such general power; his powers are limited. When the comptroller of public accounts has officially decided that an assessor and collector has been remiss in his duties, and has furnished the district attorney with an account of his indebtedness, with directions to institute suit thereon, the district attorney

has no power to compromise with the debtor, either before suit is brought, during the pendency of it, or after judgment.

As every citizen is charged with a knowledge of the public acts of the Legislature, the defendant is charged with a knowledge of the fact that the district attorney had no right to settle the account otherwise than according to the official statement of the comptroller, and that the agreement made, whereby the comptroller's account was ignored, was illegal.

Judgment is reversed, and cause remanded.

Reversed and remanded.