WARD COUNTY, Texas, et al., Appellants,

v.

LEE MOOR CONTRACTING COMPANY, a corporation, et al., Appellees.

No. 5360.

Court of Civil Appeals of Texas.

El Paso.

Dec. 10, 1958.

Rehearing Denied Dec. 31, 1958.

---

John Howze, R. T. Harris, Monahans, for appellants.

Turpin, Kerr, Smith & Dyer, Midland, James E. Nugent, Kerrville, T. H. Neel, Monahans, for appellees.

HAMILTON, Chief Justice.

Came on to be heard a motion of Walter Harwell, County Judge; Warren Goode, W. T. Neidhardt, O. O. Williamson, and Leroy Price, County Commissioners of Ward County, Texas, to dismiss the appeal filed herein insofar as it concerns Ward County and the members of the Commissioners Court themselves, as appellants in the above styled and numbered cause.

It appears that the suit was filed in Ward County by Lee Moor Contracting Company against Ward County, Texas and the Judge and County Commissioners of said County, and R. T. Harris, County Auditor, for the collection of certain monies claimed to be owing said contracting company by Ward County for work done under a contract with said County. The case went to trial before a jury and, upon the jury's verdict, the District Judge granted judgment against the County for some $68,000. Thereafter, an appeal was perfected for Ward County and members of the Commissioners Court. The Commissioners Court now wishes to dismiss the appeal. The County Attorney and the County Auditor object.

The question before this court, in determining whether the motion should be granted, is whether or not the County Attorney has authority under the law to prosecute an appeal for Ward County and its Commissioners Court against the wishes of the Commissioners Court. In our opinion he does not have such authority, and we cite the case of Travis County v. Matthews, Tex.Civ.App., 235 S.W.2d 691, at page 697 (writ refused—no reversible error.)

We appreciate the position of the County Attorney in this matter. It is his contention that, in view of Article 339 of the Revised Civil Statutes of Texas, he is compelled to prosecute this appeal. Said statute provides that a county attorney who has knowledge that any officer in his county " * * * entrusted with the collection or safekeeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law * * *" shall institute such proceedings as are necessary to protect the public interest. We do not think such statute is applicable. In the case at hand, the County Attorney is not prosecuting a case against the Commissioners Court under said statute, but he is in the position of representing the Commissioners Court in defense of a suit brought against the Court and County. Judgment went against the County, and it

is solely within the discretion of the Commissioners Court as to whether an appeal from such judgment should be prosecuted.

We therefore grant the motion to dismiss this appeal insofar as it concerns Ward County and the Commissioners Court.