Joe H. O'QUINN, County Treasurer,
Appellant,

v.

Parker McVICKER and David E. Evans,
Appellees.

No. 6981.

Court of Civil Appeals of Texas.

Beaumont.

May 2, 1968.

H. R. Rolston, Lufkin, for appellant.

McVicker & Evans, Lufkin, for appellees.

PARKER, Justice.

Parker McVicker and David E. Evans brought suit in the District Court of Angelina County to mandamus Joe H. O'Quinn, County Treasurer of Angelina County, Texas, to forthwith affix his signature to Angelina County General Funds Check No. 47, payable to McVicker and Evans, attorneys. Judgment was entered that mandamus issue. The parties will be designated here as in the trial court.

The relators, McVicker and Evans, are duly licensed and practicing attorneys. The respondent, O'Quinn, is Treasurer of Angelina County, Texas. On July 19, 1967, relators were employed by the Commissioners Court of Angelina County, Texas to represent said court in bringing a law suit in the court of proper jurisdiction, to compel the County Treasurer of Angelina County, Texas to affix his signature to Angelina County, Texas checks Nos. 7721 and 7723, representing monies due employees of Angelina County, Texas. These legal services were performed and the Commissioners Court, by resolution and order of October 9, 1967, found that such legal services were performed in a satisfactory and workman-like manner, that Angelina County accepted the benefits of such legal services and that $510.00 represented the reasonable value of said services so rendered by said attorneys. Said court ordered Joe H. O'Quinn, the County Treasurer of Angelina County, Texas, to countersign, or affix his signature to Angelina County

General Funds Check No. 47, made payable to McVicker and Evans for such services.

 The orders of the Commissioners Court are valid. The act in employing the attorneys is lawful. The order to pay the attorneys for their services is lawful. Such Commissioners Court has authority to cause suits to be instituted or defended in the name of and for the benfit of the county and has the authority to employ private counsel therefor. Travis County v. Matthews, 235 S.W.2d 691 (Tex.Civ.App., error ref., n. r. e.). The orders of the Commissioners Court in employing the attorneys and ordering payment of their fee have the force and effect of a judgment and, if it related to matters within its jurisdiction, is presumably valid and not subject to collateral attack. Guerra v. Weatherly, 291 S.W.2d 493 (Tex.Civ.App.).

Judgment of the trial court is affirmed.