**COUNTY OF WARD, State of Texas, Appellant,**

v.

**E. A. KING et al., Appellees.**

**No. 6114.**

Court of Civil Appeals of Texas, El Paso.

April 29, 1970.

Rehearing Denied May 20, 1970.

---

Ed Keys, County Atty., Monahans, for appellant.

Roddy L. Harrison, Pecos, T. H. Neel, Monahans, for appellees.

## OPINION

WARD, Justice.

This appeal is from suit in District Court filed on behalf of Ward County by its County Attorney, and against the County Judge and each of the Commissioners of Ward County, acting in their official capacities, seeking to enjoin them from spending any of the funds of the county on a retirement program for county employees. The trial court sustained a plea in abatement filed by the defendants and dismissed the suit on the basis that the county attorney had no authority to institute the proceedings. We affirm the judgment of the trial court.

On September 22, 1969 the appellees, as the Commissioners' Court of Ward County, voted for the county to participate as a member of the Texas County and District Retirement System Act, Vernon's Ann.Civ. St., Article 6228g. It is the appellant's contention, as reflected by its pleadings, that the appellees failed to give any notice of the subject matter of the meeting as contemplated by Article 6252–17, V.A.C.S., which had become effective on September 1, 1969; that the action of the Commissioners' Court in placing Ward County in the retirement plan is voidable at the option of any interested citizen when suit is brought thereon; and further, that the retirement system act is unconstitutional. By supplemental petition the appellant alleged that a subsequent Commissioners' Court meeting held to ratify the previous action and which was held after publication of a notice of its meeting, was invalid; that the Commissioners' action in employing and paying the appellees' present attorneys to represent the appellees in the defense of this present suit was likewise invalid; and finally, that the appellees should be enjoined from committing any act which would permit Ward County to be involved in the retirement plan, and that the attorneys' fee paid should be recovered. At the hearing on the plea in abatement and motion to dismiss the appellant's suit, the uncontradicted testimony was to the effect that the county attorney brought this suit on behalf of Ward County without the authority of the Ward County Commissioners' Court or the Attorney General or of anyone else.

Section 21 of Article V of the Constitution of the State of Texas, Vernon's Ann. St., authorizes the county attorney to represent the state in all cases in the district and inferior courts in their counties. However, the distinction between the authority to represent the state or the county on the one hand, and the authority to institute civil litigation on the other, is set out in the case of Wexler v. State, 241 S.W. 231 (Tex.Civ. App., Galveston 1922):

"* * * The article of the Constitution above quoted which provides that the county attorney shall represent the state in all cases in the district and inferior courts of his county does not give him authority to institute a proceeding in the name of the state unless he is authorized or directed so to do by some statute. County attorneys are also required to represent the county in suits brought by it; but they can bring no suit for or in the name of the county unless authorized so to do by some statute or some order of the commissioners' court. The distinction between the granting of authority to represent the state in all cases in the district and inferior courts, and the authority to institute important litigation in the name

of the state, is, we think, clear, and such distinction has been recognized in the decisions of our appellate courts." (Cases cited).

At page 234:

"We think it clear under the statutes and authorities above cited that the county attorney was not authorized to bring this suit, and therefore the defendant's plea in abatement should have been sustained."

The same thought is contained in the case of A.B.C. Rendering, Inc. v. State, 342 S. W.2d 345 (Tex.Civ.App., Houston 1961). We have heretofore had before us a similar situation in Harwell v. Ward County, 314 S. W.2d 868 (1958), writ refused, n. r. e. There, the Ward County attorney, at the request of the grand jury, filed suit against the members of the county commissioners' court to recover for certain expenditures incurred in Pecos County, and we held that where no statute gives county or district attorneys power to sue on behalf of the county, the commissioners' court alone has the right to determine whether such suit shall be brought.

We fail to see that Article 339, Revised Civil Statutes of Texas, authorizes the county attorney to bring this suit. As we stated in the Harwell case, the wording of the Article itself specifically authorizes him to institute proceedings against "any officer in his district or county entrusted with the collection or safe keeping of any public funds." The developed facts do not bring the case within that Article.

Finally, we fail to see where Section 3, Article 6252–17, grants any authority to the county attorney to file this type of suit on behalf of the county. That section of the open meeting statute provides that any interested person may institute certain set-forth actions, and confers no authority on the county attorney to act for the county in the type of lawsuit which we have before us.

The judgment of the trial court is affirmed.