John M. TURNER, County Judge,
et al., Appellants,

v.

Chester H. COOK et al., Appellees.

No. 834.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 30, 1973.

Wm. B. Moser, Jr., Beeville, Homer E. Dean, Jr., Alice, for appellants.

J. G. Knight, Beeville, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a temporary injunction restraining the commissioners' court of Bee County, Texas, from spending county funds to pay attorney's fees. On August 14, 1973, three constables of Bee County filed suit against Bee County, the commissioners' court of Bee County and the county treasurer seeking payment of claimed salaries due them as constables and asking that the defendants be enjoined from spending county funds to compensate attorneys in defense of this suit.

Thereafter, the commissioners' court employed Honorable Homer E. Dean, Jr., an attorney, to assist the county attorney in defending this suit. On August 27, 1973, Mr. Dean together with the county attorney filed an answer. On that same day, at a hearing on the injunctive issue only, the requested temporary injunction was granted by the trial court. From the resulting order entered on September 19, 1973, the defendants appeal.

The appellants' complaint of the trial court's action granting the temporary injunction is the only point of error brought forward. The appellees have neither filed a brief nor presented argument in regard to this appeal. Contention is made by the appellants that the temporary injunction

should be dissolved because, as a matter of law, the commissioners' court has the right to employ private counsel and to pay private counsel out of county funds for services to them rendered.

This dispute arose from an order passed and entered by the commissioners' court on December 13, 1971, as follows:

"Motion was made by Wicker and seconded by Stubenthal to set salaries of Constables for 1973 at $1.00 per year. Voting Aye: Judge Turner, Stubenthal and Wicker. Voting No: Gonzales. O'Neal abstained. Motion carried."

To become effective January 1, 1972, the legislature passed an act providing that commissioners' courts should fix the compensation for county and precinct officials, but that such salaries should not be set lower than they existed on the effective date of the act. Tex.Rev.Civ.Stat.Ann. art. 3912k, § 1 (Supp.1972–1973). The constables allege that each was paid a salary of $1,200.00 for the calendar year of 1972 and nothing for the year of 1973. So we have a commissioners' court in 1971 purporting to lower the constables' salaries for 1973 from $1,200.00 paid them in 1972, with an act of the legislature that seems to provide a floor of $1,200.00 for such salaries in 1973. The appellees allege in their petition that this action by the commissioners' court is illegal and that payment of private attorney's fees to defend such action is therefore illegal. The trial court agreed with the appellees in its findings contained in its order granting the temporary injunction.

■ The rule of law is familiar in Texas that the trial court has broad discretion in determining whether to issue or not to issue a temporary injunction to preserve the rights of the parties pending the final outcome of a case. When the trial court's discretion is thus exercised, its orders should not be overturned unless the record discloses a clear abuse of discretion. Texas Foundries, Inc. v. International Mould-

ers & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952); Long v. Castaneda, 475 S.W.2d 578 (Tex.Civ.App.— Corpus Christi, 1972, n. r. e.). Equally familiar is the rule of law that the district court is without power to review the action of the commissioners' court in entering into a contract unless the commissioners have acted without reason, arbitrarily, fraudulently, in bad faith, or in gross abuse of their powers in so contracting. Garcia v. State, 290 S.W.2d 555 (Tex.Civ. App.—San Antonio 1956, n. r. e.).

■ The appellants rely on the session law, which became effective June 16, 1973, as Tex. Laws 1973, ch. 644, at 1765–1766 which provides that in any suit brought by any "nonpolitical entity" (which includes any "person") against an official of a county, the county attorney shall represent the official if the suit involves any act of the official while in the performance of public duties. Also there is provision in such article that if additional counsel is necessary or proper for an official, the county commissioners' court may employ and pay for such private counsel. Adams v. Seagler, 112 Tex. 583, 250 S.W. 413 (1923); O'Quinn v. McVicker, 428 S.W.2d 111 (Tex.Civ.App.—Beaumont 1968, no writ); Garcia v. State, supra. Further, the right of the commissioners to employ private counsel cannot be affected by the ultimate decision of the question to be resolved in the law suit. City Nat. Bank v. Presidio County, 26 S.W. 775 (Tex.Civ. App.—1894, no writ).

We hold that the contract made with Mr. Dean was a valid contract since the commissioners' court was clothed with the authority to employ private counsel to defend a suit brought against Bee County and its officials. Whether it may ultimately be decided that the county shall be required to pay its constables at least $1,200.-00 per year does not affect the right of the commissioners' court to employ private counsel. That issue (of salary) is yet to be resolved and we are not here asked to decide it.

The granting of the temporary injunction was in effect a holding that the commissioners' court abused its discretion. We disagree. The trial court abused its discretion in so holding.

The judgment of the trial court is accordingly reversed and judgment is here rendered dissolving the temporary injunction.

Reversed and rendered.