**The STATE of Texas, Appellant,**

v.

**1977 PONTIAC TRANS AM, Appellee.**

**No. 01–83–00271–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 17, 1983.

Rehearing Denied April 12, 1984.

Michael Guarino, Mark Bailey, Galveston, Miguel Martinez, Houston, for appellant.

William G. Rosch, III, Houston, C.G. Dibrell, III, Galveston, for appellee.

Before DOYLE, WARREN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from an order dismissing with prejudice an action for seizure and intended forfeiture of an automobile filed pursuant to art. 4476–15, §§ 5.03–5.08, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1982).

In its sole point of error, the State contends that the trial court erred in ruling that the Galveston County Criminal District Attorney did not have authority to institute a forfeiture proceeding in the name and on behalf of the State of Texas pursuant to art. 4476–15, §§ 5.03–5.08, *supra*.

Art. 4476–15, § 5.05(b) provides:

(b) The seizing officer shall immediately cause to be filed in the name of the State of Texas with the clerk of the district court of the county in which the seizure is made, or if the property is a conveyance, in any county in which the conveyance was used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, or concealment of any property described in Paragraph (1), (2) or (3) of Section 5.03(a), a notice of the seizure and intended forfeiture. . . .

In its second amended petition, the State began:

NOW COMES Zeke Cavazos, a peace officer with the Texas Department of Public Safety, Narcotics Division, and in the name of and for the State of Texas, files this an amended Notice of Seizure and Intended Forfeiture of a 1977 Ponitac [sic] Trans Am, VIN # 2W87Z7N217715, as a petition for relief alleges the following: . . . .

The petition was filed by the criminal district attorney of Galveston County, and was sworn to by Zeke Cavazos, the officer who seized the property. On appellee's "motion for attorney to show authority", the trial court concluded that the criminal district attorney of Galveston County lacked authority to institute the forfeiture action under either art. 326k–28 or art. 4476–15, Tex.Rev.Civ.Stat.Ann., in the name and on behalf of the State of Texas. The forfeiture proceeding was severed and dismissed with prejudice. From this order the State appeals.

In addition to exclusive representation of the State of Texas in all criminal matters pending before the district and inferior courts of Galveston County, the criminal district attorney of Galveston County has been empowered by the Legislature with "all such powers, duties, and privileges within Galveston County as are by law now conferred, or which may hereafter be conferred upon the district and county attorneys in the various counties and judicial districts of this State". Art. 326k–28, § 3, *supra*.

Art. 5, § 21 of the Texas Constitution provides:

The County Attorneys *shall represent the State in all cases in the District and inferior courts in their respective counties*; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. [emphasis added]

Similarly, the Attorney General is empowered by the Texas Constitution as follows:

*He shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party*, and shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law, and give legal advice in writing to the Governor and other executive officers, when requested by them, *and perform such other duties as may be required by law* .... [emphasis added].
Art. 4, § 22, TEX.CONST. (1972).

It is undisputed that art. 4476–15, § 5.05, *supra*, the statute governing notification of forfeiture proceedings, is silent as to who shall assist the seizing officer in instituting and maintaining the cause of action.

Because there is no constitutional or statutory provision which vests in the Attorney General the power, or makes it his duty, to institute actions for seizure and forfeiture of property under art. 4476–15, § 5.05, Tex. Rev.Civ.Stat.Ann., the Attorney General cannot assert or exercise such power of duty in this action. *State ex rel. Downs v. Harney*, 164 S.W.2d 55, 58 (Tex.Civ.App.— San Antonio 1942, writ ref'd w.o.m.), holding cited with approval, *Garcia v. Laughlin*, 155 Tex. 261, 285 S.W.2d 191, 194

(1955). Accordingly, we must conclude that the power and duty to institute this forfeiture proceeding vests in the Galveston County District Attorney under art. 5, § 21 of the Texas Constitution and art. 326k–28, § 3, Tex.Rev.Civ.Stat.Ann., *supra*.

The cases cited by appellee are clearly distinguishable from the instant case.

*State v. Allen*, 32 Tex. 273, 275 (1869) is cited for the premise that a district attorney has only special and limited, not general, powers. The case does not involve a district attorney's authority to institute civil proceedings on behalf of the State. It merely holds that a district attorney may not compromise or settle with a defendant to the prejudice of the State's interest.

The appellee also relies on *Wexler v. State*, 241 S.W. 231, 233 (Tex.Civ.App.— Galveston 1922, no writ), wherein the court stated:

The distinction between the granting of authority to represent the state in all cases in the district and inferior courts, and the authority to institute *important* litigation in the name of the State, is, we think, clear, and such distinction has been recognized in the decisions of our appellate courts. [emphasis added]

This general statement distinguishing authority to institute important litigation and authority to represent the State must be viewed in light of the ample constitutional, statutory, and case law guidance afforded the *Wexler* court under the facts presented therein.

In *Wexler*, the county attorney brought suit in the name of the State to enjoin the removal of rails and other materials of a railway company chartered by the State. The court characterized this action as one falling within the broad, comprehensive powers of the State Railroad Commission. Violations of state laws regulating railroads were reportable, by statute, "to the Attorney General, or other officer charged with the enforcement of the laws", for institution of proper proceedings. *Wexler, supra*, at 234.

The court in *Wexler* also relied on *State v. Paris Railway Co.*, 55 Tex. 76 (1881), a similar action by a county attorney to enjoin a railway company from constructing track. The Supreme Court therein cited the constitutional provision defining the duties of the attorney general (art. 4, § 22, *supra*) and stated:

> We think it manifest that the *institution of suits in the name of the state to enjoin private corporations from exceeding their powers and thereby creating public nuisances,* in such action as, *under this section of the Constitution, it is for the Attorney General to take, or cause to be taken,* when, in his judgment, it may be proper and necessary. *The power given county attorneys* "to represent the state in all cases in the district and inferior courts in their respective counties" (Const. art. 5, § 21), *does not extend to the institution of suit like this,* unless it be done with the sanction and in the name of the attorney general. Whether the name of the state shall be used to enjoin, without bond, the construction of a railway, may be a matter of great importance both to the corporation and the public, and we think has appropriately been left to the determination of the Attorney General. [emphasis added]

Clearly, the *Wexler* court did not intend to distinguish the district attorney's authority to institute litigation and authority to represent the State in *all* cases. It merely points out an exception, inherent in art. 4, § 22, *supra*, to the power conferred on district attorneys by art. 5, § 21 of the constitution. This is consistent with the policy expressed in *State v. Moore*, 57 Tex. 307, 313 (1882).

*County of Ward v. King*, 454 S.W.2d 239 (Tex.Civ.App.—El Paso 1970, writ dism'd), also cited by appellee, involved an action instituted by the Ward County Attorney, on behalf of the county, against the Ward County Commissioners' Court. There is no constitutional provision authorizing county attorneys to represent, or institute action on behalf of, their counties. They derive their power to represent the county from the legislature. In *King*, because the county attorney acted without express statutory authority, the court held that he had no right to institute the suit. *Id.*, at 241. That holding has no bearing on the instant case.

It is noteworthy that we have found no cases involving actions for forfeiture instituted by the Attorney General rather than a district attorney. See *State v. Cherry*, 387 S.W.2d 149, 151 (Tex.Civ.App.—Dallas 1965, no writ); *McKee v. State*, 318 S.W.2d 113, 114 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.). We are further persuaded by the obvious impracticality of requiring seizing officers to call upon the Attorney General's office for assistance in the institution of actions under art. 4476–15, § 5.05(b), *supra*.

The order dismissing the forfeiture action is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.