

# THE ATTORNEY GENERAL
# OF TEXAS

September 18, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable John W. Berry
Karnes County Attorney
Karnes County Courthouse
Karnes City, Texas   78118

Opinion No.   JM-788

Re:   Whether a county may expend funds to oppose an application to amend a radioactive materials license

Dear Mr. Berry:

You ask three questions regarding the authority of Karnes County to oppose an application to amend a radioactive materials license:

> 1.  Can Karnes County, Texas expend funds for attorney's fees and expert witness fees and other related expenses to oppose an application to amend a radioactive materials license?
>
> 2.  The said application is being considered by the Texas Department of Health, which is responsible for regulating this license.  Can Karnes County, Texas oppose a finding and/or ruling made by the Texas Department of Health?
>
> 3.  Can a county or district attorney take an active role in opposing a finding or ruling made by a state agency?

Your first question concerns the authority of the commissioners court to expend county funds for the purpose of opposing an application to amend a radioactive materials license.

The commissioners court has only that authority which is expressly conferred by or necessarily implied from the constitution and laws of this state.  See Tex. Const. art. V, §18(b); Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941); Schope v. State, 647 S.W.2d 675, 678 (Tex. App. - Houston [14th Dist.] 1982, pet. ref'd); Attorney General Opinion JM-350 (1985).  You have cited to us no authority, either constitutional or statutory, which expressly or impliedly authorizes the commissioners court to expend county funds for the purposes you describe.  We have been informed, however, that the county seeks to oppose the amendment of a radioactive materials license that was issued pursuant to article 4590f, V.T.C.S.  It is necessary to examine

that statute to determine whether the commissioners court expressly or impliedly is given such authority.

Article 4590f, V.T.C.S., establishes a single, statewide system for regulating sources of nuclear and radioactive materials. Its purpose is to provide an orderly, effective regulatory program in this state that is compatible with the programs of other states and the federal government. At the same time, the act is intended to permit the maximum utilization of sources of radiation consistent with the health and safety of the public and the protection of the environment. See V.T.C.S. art. 4590f, §§1, 2. The act prohibits, inter alia, the use, manufacture, production, transport, acquisition, possession, or disposal of any source of radiation by any person unless the person is licensed or registered by the Texas Radiation Control Agency or exempted under the terms of the act. Id. §13. The Texas Radiation Control Agency (hereinafter the agency) operates as part of the Texas Department of Health. Id. §4(a). The agency is authorized to provide rules for the licensing of radioactive materials or devices or equipment utilizing such materials. Id. §6(a). The terms and conditions of licenses issued by the agency are subject to amendment, revision, or modification by rules or orders issued in accordance with article 4590f and the Administrative Procedure and Texas Register Act, article 6252-13a, V.T.C.S. (hereinafter APTRA). Id. §§6(a)(4), 11(a). Apparently, it is the amendment of a license issued pursuant to these provisions which Karnes County seeks to oppose.

Section 11(b) of article 4590f requires the agency to provide notice and an opportunity for a hearing on the written request of "any person affected by . . . the grant or amendment of a specific license." Id. §11(b)(3). A "specific" license is issued only after the filing of an application with the agency; a "general" license requires no prior filing. Id. §§3(c)(1), (2). The act defines "person" as

> any individual, corporation, partnership, firm, association, trust, estate, public or private institution, group, agency, local government, any other state or political subdivision or agency thereof, or any other legal entity, and any legal successor, representative, agent, or agency of the foregoing, other than the [United States Nuclear Regulatory] Commission and other than Federal Governmental Agencies licensed or exempted by the [United States Nuclear Regulatory] Commission. (Emphasis added.)

Id. §3(d). A "person affected" is a person

> (1) who is a resident of a county, or a county adjacent to the county, in which nuclear or radioactive materials subject to this Act are or will be located, including any person who is doing

business or who has a legal interest in land in the county or adjacent county, <u>and any local government in the county</u>; <u>and</u>

(2) <u>who shall demonstrate that he has suffered or will suffer actual injury or economic damage.</u> (Emphasis added.)

<u>Id.</u> §3(r). The term "local government" includes a county. <u>Id.</u> §3(s). It is clear, then, that a county affected by any procedure listed in section 11(b) of the act is entitled to notice and an opportunity for a hearing before the agency upon written request. Section 11(e) of article 4590f also authorizes a person who is affected by a final decision of the agency and has exhausted all administrative remedies to obtain judicial review of the decision under APTRA.

Where a right is conferred or a duty is imposed on the commissioners court by statute, it has broad discretion to accomplish the purposes intended. Attorney General Opinion JM-350 (1985) (<u>citing</u> <u>Anderson v. Wood</u>, <u>supra</u>). Although the statute may not expressly authorize the expenditure of county funds to exercise the right or discharge the duty conferred, such authority is implied if the commissioners court, in good faith, finds such expenditures to be in the county's interest. <u>Id.</u> The commissioners court may employ experts and provide for the expenses of expert witnesses if necessary to the performance of official duties. <u>See</u> <u>Pritchard & Abbott v.</u> <u>McKenna</u>, 350 S.W.2d 333 (Tex. 1961); Attorney General Opinion M-680 (1970). Where the county attorney is not required by statute to represent the county in a particular matter, the commissioners court may employ private counsel therefor. <u>See</u> <u>O'Quinn v. McVicker</u>, 428 S.W.2d 111 (Tex. Civ. App. - Beaumont 1968, no writ); <u>Burleson County</u> <u>v. Giesenschlag</u>, 354 S.W.2d 418 (Tex. Civ. App. - Houston [1st Dist.] 1963, no writ). In employing private counsel, however, the commissioners court may not deprive the county attorney of his statutory authority. <u>See, e.g.,</u> <u>Terrell v. Greene</u>, 31 S.W. 631 (Tex. 1895); <u>Driscoll v. Harris County Commissioners Court</u>, 688 S.W.2d 569 (Tex. App. - Houston [14th Dist.] 1985, writ ref'd n.r.e.). <u>Cf.</u> Attorney General Opinion JM-661 (1987).

In light of the fact that article 4590f does not expressly require the county attorney to represent the county in hearings or appeals brought pursuant to the act, we believe that the commissioners court of Karnes County may expend county funds for attorney's fees, expert witness fees, and related expenses to oppose an application to amend a radioactive materials license granted under article 4590f, provided the county can demonstrate that it has suffered or will suffer actual injury or economic damage by the amendment of the license and provided the commissioners court finds it in the county's interest to make such expenditures. <u>See generally</u> Attorney General Opinion JM-350 (1985).

You next ask whether Karnes County may oppose a finding or ruling made by the Department of Health sitting as the Texas Radiation Control Agency. As our discussion has already demonstrated, a county "affected" by the procedures listed in section 11(b) of article 4590f may request in writing both notice and an opportunity for a hearing. A county affected by a final decision of the agency which has exhausted all administrative remedies may obtain judicial review pursuant to APTRA. V.T.C.S. art. 4590f, §11(e). The availability of these procedures in cases of actual or anticipated injury or economic damage, see id. §3(r), indicates that such procedures may be used by persons or entities seeking to contest the proposed action or final decision of the agency. Your second question, then, may be answered in the affirmative.

Your third question is whether a county attorney or district attorney may take an active role in opposing a finding or ruling made by a state administrative agency. We assume you to ask whether the county attorney or district attorney may oppose the final decision of the agency in judicial review proceedings instituted in the name of the county pursuant to section 11(e) of article 4590f and APTRA. We previously concluded that the commissioners court may employ private counsel to represent the county's interests in article 4590f proceedings. We will now consider whether the county attorney or district attorney is precluded from performing those functions.

Article V, section 21 of the Texas Constitution provides in part that county attorneys

> shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.

This constitutional provision does not authorize the county attorney to institute legal proceedings in the name of the state unless authorized or directed to do so by statute. Wexler v. State, 241 S.W. 231 (Tex. Civ. App. - Galveston 1922, no writ). While the county attorney is required to represent the county in suits brought by it, he "can bring no suit for or in the name of the county unless authorized so to do by some statute or some order of the commissioners' court." Id. at 233. See County of Ward v. King, 454 S.W.2d 239 (Tex. Civ. App. - El Paso 1970, writ dism'd).

Section 41.007 of the Government Code authorizes the county attorney or district attorney to advise county officials concerning their official duties. Also, the county attorney, like the commissioners court, has implied powers necessary to the discharge of his constitutional and statutory duties. See Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935). Thus, while article

4590f does not expressly enjoin upon the county attorney the duty to act on the county's behalf, we believe the county attorney may, with the approval of the commissioners court, advise the county concerning its rights and remedies under article 4590f and represent it in judicial review proceedings pursuant to section 11(e) of the act. See, e.g., State v. Peeler, 200 S.W.2d 874 (Tex. Civ. App. - Fort Worth 1947, no writ).[1]

As the discussion should suggest, however, the commissioners court is not deprived of the authority to employ private counsel simply because the county attorney may act on behalf of the county in this instance. As the executive head of county government, the commissioners court is vested with broad discretion in determining whether and how it will pursue its legal remedies. See Ward County v. Lee Moor Contracting Co., 319 S.W.2d 398 (Tex. Civ. App. - El Paso 1958, no writ); Travis County v. Matthews, 235 S.W.2d 691, 697 (Tex. Civ. App. - Austin 1950, writ ref'd n.r.e.). The duty imposed upon the county attorney by section 41.007, meanwhile, does not restrict the commissioners court in the employment of attorneys to advise and render services to the court in important matters coming before it. Gibson v. Davis, 236 S.W. 202, 211-212 (Tex. Civ. App. - Galveston 1921, no writ) (construing former article 356, now section 41.007 of the Government Code).

Turning to the office of the district attorney, this office has previously concluded that in the absence of a constitutional or statutory requirement, the district attorney is under no duty to represent the county in legal proceedings. See Attorney General Opinion O-864 (1939). The commissioners court may in such instances employ the district attorney to represent the interests of the county. Id. As article 4590f imposes no duty on the district attorney to represent the county in hearings or appeals, we believe the district attorney may be employed by the commissioners court for such purposes. We note, however, that chapter 46 of the Government Code may limit the

---

1. In this case the court held that the county attorney had a right to participate in a proceeding before the district court to review the county judge's action on an application for a retail dealer's license to sell beer. The court concluded that the county attorney could appear either on behalf of the county and state or as a citizen. 200 S.W.2d at 877. It relied upon a former Penal Code provision which excepted county officers and the state from posting security for the cost of contesting the application or appealing the county judge's order. See Alco. Bev. Code §§61.32(c), 61.34(d), 61.39. The statute imposed no express duty upon the county attorney to either contest the application or appeal the county judge's order. However, it is clear the court believed the county attorney could appear in his official capacity in such proceedings.

ability of a district attorney, criminal district attorney, or county attorney to engage in the private practice of law. See Gov't Code §§46.002 (prosecutors subject to chapter 46); 46.005 (limitations on law practice). For example, the provisions of chapter 46 apply to the office of district attorney for the 81st judicial district (which includes Karnes County), but do not apply to the office of County Attorney for Karnes County. See id. §§24.183; 46.002(1).

## SUMMARY

A county may oppose an application to amend a radioactive materials license granted pursuant to article 4590f, V.T.C.S., provided the county can demonstrate that it has suffered or will suffer actual injury or economic damage from the amendment of the license. Such a county may obtain judicial review of a final decision of the Texas Radiation Control Agency pursuant to the Administrative Procedure and Texas Register Act, article 6252-13a, V.T.C.S. The commissioners court of such county may expend county funds for attorney's fees, expert witness fees, and other related expenses to oppose an application to amend a radioactive materials license if the commissioners court finds it in the county's interest to make such expenditures. The county attorney may, with commissioners court approval, advise the county concerning its rights and remedies under article 4590f and represent it in judicial review proceedings pursuant to section 11(e) of the act. The district attorney may be employed by the commissioners court to represent the county unless such employment is prohibited by section 46.005 of the Government Code.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General