

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

July 13, 2015

The Honorable Susan Hawk
Dallas County District Attorney
Civil Section
411 Elm Street, 5th Floor
Dallas, Texas 75202

Opinion No. KP-0027

Re: Whether section 157.901 of the Local Government Code requires a county to provide representation to a county judge involved in a disciplinary proceeding before the State Commission on Judicial Conduct (RQ-0005-KP)

Dear Ms. Hawk:

You ask whether Dallas County has "a duty to defend a county official or employee in a disciplinary proceeding arising from an alleged ethical violation committed in the performance of public duties."[1]  You explain that a county judge has asked the county to "provide representation in defending against a disciplinary proceeding before the State Commission on Judicial Conduct [the "Commission"] arising from her conduct while on the bench." Request Letter at 1. Subsection 157.901(a) of the Local Government Code requires the county to represent "[a] county official or employee sued by any entity, other than the county with which the official or employee serves, for an action arising from the performance of public duty." TEX. LOC. GOV'T CODE ANN. § 157.901(a) (West 2008).  You frame your question in two parts: (1) whether the term "sued" in subsection 157.901(a) encompasses a disciplinary proceeding brought by the Commission; and (2) whether an alleged ethical violation qualifies as "an action arising from the performance of public duty" as required by the provision. Request Letter at 2–3; TEX. LOC. GOV'T CODE ANN. § 157.901(a) (West 2008).

We are guided by the principle that "[a] county has no power or duties except those which are clearly set forth and defined by the Constitution and the State statutes." *Harrison Cnty. v. City of Marshall*, 253 S.W.2d 67, 69 (Tex. Civ. App.—Fort Worth 1952, writ ref'd).  In construing a statute, a court's "primary objective is to ascertain the Legislature's intent." *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 51 (Tex. 2014).  To achieve this goal, a court will construe the words of a statute "according to their plain and common meaning unless a contrary intention is apparent" from the context of the statute. *Nathan v. Whittington*, 408 S.W.3d 870, 872 (Tex. 2013); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (West 2013) (providing that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage").  The word

---

[1]Letter from Honorable Susan Hawk, Dallas Cnty. Dist. Att'y, Civil Section, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 13, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

"sue" means "to institute a lawsuit" against another party. BLACK'S LAW DICTIONARY 1570 (9th ed. 2009); *see also id.* at 967 (defining "lawsuit" by cross reference to the term "suit"), 1572 (defining "suit" as "[a]ny proceeding by a party or parties against another in a court of law"); NEW OXFORD AMERICAN DICTIONARY 1738 (3d ed. 2010) (providing that "sue" means to "institute legal proceedings" against a person or institution), 1392 (defining a "proceeding" in the context of law as an "action taken in a court to settle a dispute"). A related provision in the same subchapter uses the word "suit" in reference to the duty of a county attorney or district attorney to provide representation in section 157.901. *See* TEX. LOC. GOV'T CODE ANN. § 157.9015(a) (West 2008). A Texas court has acknowledged the Legislature's "obvious" intent in section 157.901 to refer "to civil suits." *White v. Eastland Cnty.*, 12 S.W.3d 97, 102 n.4 (Tex. App.—Eastland 1999, no pet.).[2] The same court noted that the section was the Legislature's way of addressing "the problem of frivolous lawsuits against county employees and their cost of counsel." *Id.* at 104. The court further observed that the word "sue" has remained largely unchanged throughout the evolution of the statute.[3] *See id.* at 102 n.4.

The Legislature has, in analogous contexts, referred to the duty of legal representation more broadly, suggesting that it sees a distinction between litigation in a court of law and some other legal matter. For example, the attorney general is required to represent a particular public official "if a suit *or other legal action* is brought or threatened to be brought against that person in connection with the person's performance of the official duties of the office." TEX. HUM. RES. CODE ANN. § 101.055 (West 2013)[4] (emphasis added). Similarly, the Wharton County Attorney is required to represent the state, the county, and county officials "in civil matters." TEX. GOV'T CODE ANN. § 45.341(a), (d) (West 2004); *see also* TEX. AGRIC. CODE ANN. § 14.013 (West 2004) (providing that the "department may intervene in a suit . . . *or any other legal action* . . . ." (emphasis added)); TEX. GOV'T CODE ANN. § 618.006 (West 2012) (referring to "a suit *or other legal action* against an authorized officer" (emphasis added)). The Legislature made no such distinction here and evidenced no intent to give the word "suit" a broader meaning. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact laws effectuating its intent).

---

[2]As a whole, cases considering section 157.901 have been limited to those clearly involving either civil or criminal suits in a court of law. *See, e.g., Turner v. Cook*, 502 S.W.2d 824, 824 (Tex. Civ. App.—Corpus Christi 1973, no writ) (involving a suit against the county and its officials); *Condit v. Nueces Cnty.*, 976 S.W.2d 278, 279 (Tex. App.—Corpus Christi 1998, no pet.) (concerning a suit in federal court); *White*, 12 S.W.3d at 102 n.4 (concluding that a "suit" in section 157.901 does not include a criminal indictment).

[3]As the court noted, "[t]he phrase 'in a suit instituted by a non-political entity' in [Texas Revised Civil Statutes article 332c, the original predecessor of section 157.901,] was changed to '[a] county official or employee sued by a nonpolitical entity' in Section 157.061 in 1987, and then changed to '[a] county official or employee sued by any entity, other than the county with which the official or employee serves' in the current Section 157.901 in 1989." *White*, 12 S.W.3d at 102 n.4.

[4]*Redesignated by* Act of Mar. 30, 2015, 84th, Leg., R.S., S.B. 219, § 4.361, sec. 101A.256 (to be codified at TEX. HUM. RES. CODE ANN. § 101A.256) (effective immediately).

Accordingly, a court is unlikely to conclude that the Legislature intended the word "sue" in section 157.901 to extend to a disciplinary proceeding before the Commission.

This construction is supported by an examination of the proceedings of the Commission. The Commission is a state agency within the judicial branch of government charged with administering judicial discipline. TEX. GOV'T CODE ANN. § 33.002(a-1) (West Supp. 2014); *see also* TEX. CONST. art. V § 1-a(2) (establishing the Commission). Judicial misconduct is "the willful or persistent violation of rules promulgated by the Supreme Court of Texas, incompetence in performing the duties of the office, willful violation of the Code of Judicial Conduct, or willful or persistent conduct that is clearly inconsistent with the proper performance of [the judge's] duties or casts public discredit upon the judiciary or administration of justice." TEX. CONST. art. V § 1-a(6). Although the Commission may discipline a judge, its proceedings "are not considered criminal proceedings" because the function of the Commission "is not to punish; instead, its purpose is to maintain the honor and dignity of the judiciary and to uphold the administration of justice for the benefit of the citizens of Texas." *In re Lowery*, 999 S.W.2d 639, 648 (Tex. Rev. Trib. 1998, review denied). And while some of its proceedings may resemble those in a court of law,[5] the Legislature has unequivocally stated that "[t]he Commission does not have the power or authority of a court." TEX. GOV'T CODE ANN. § 33.002(a-1) (West Supp. 2014). "The Commission cannot exercise appellate review over a case or change the decision or ruling of any court, nor can the Commission intervene in a pending case or proceeding. . . . The Commission cannot award damages or provide monetary relief to complainants," nor can the Commission itself remove a judge from the bench. STATE COMM'N ON JUDICIAL CONDUCT ANNUAL REPORT, at 7 (2014); *see also In re Rose*, 144 S.W.3d 661, 672 (Tex. Rev. Trib. 2004, aff'd) (stating that the Commission's "reports are considered authoritative" on the judicial disciplinary process).

Because a court is unlikely to conclude that the term "sued" in subsection 157.901(a) of the Local Government Code encompasses a disciplinary proceeding of the Commission on Judicial Conduct, subsection 157.901(a) likely does not require a county to defend a judge in a proceeding before the Commission.[6] Given this conclusion, we need not address whether an alleged ethical violation qualifies as "an action arising from the performance of public duty."

---

[5]*See, e.g.*, TEX. GOV'T CODE ANN. §§ 33.022(c)(2)(A)(i), (ii) (West 2004) (authorizing the Commission, during a full investigation, to order the judge to "submit a written response" to allegations and "appear informally before the commission"), 33.022(g)–(h) (describing the institution of "formal proceedings," at which time "the matter shall be entered in a docket" and a notice sent to the judge that specifies "the charges against the judge and the alleged facts" on which they are based); TEX. CONST. art. V, § 1-a(11) (entitling a judge subject to a Commission formal proceeding to "the right of discovery of evidence" and "due process of law," including "the right to notice, counsel, hearing, confrontation of his accusers, and all such other incidents of due process as are ordinarily available in proceedings . . . upon proof of which a penalty may be imposed").

[6]You ask only about a county's duty under subsection 157.901(a) and our opinion is limited accordingly. We do not address whether a county commissioners court has the discretion under other authority of law to provide representation to a county judge in a proceeding before the Commission. *See White*, 12 S.W.3d at 104 (holding that "the decision to provide or not provide counsel is one of governmental policy and discretion").

### S U M M A R Y

Because a court is unlikely to conclude that the term "sued" in subsection 157.901(a) of the Local Government Code encompasses a disciplinary proceeding of the Commission on Judicial Conduct, subsection 157.901(a) likely does not require a county to defend a judge in a proceeding before the Commission.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee