# Supreme Court of Texas

No. 21-1003

The State of Texas ex. rel. Todd A. Durden, in His Official
Capacity as County Attorney,

*Petitioner*,

v.

James T. "Tully" Shahan, in His Official Capacity as County
Judge; Mark Frerich, in His Official Capacity as County
Commissioner; Joe Montalvo, in His Official Capacity as County
Commissioner; Dennis Dodson, in His Official Capacity as
County Commissioner; Tim Ward, in His Official Capacity as
County Commissioner; Kinney County Commissioners Court;
Kinney County; and Rick Alvarado, in His Official Capacity as
District and County Clerk of Kinney County, Texas,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

*~ consolidated with ~*

No. 21-1017

Todd A. Durden, Individually & The State of Texas ex. rel. Todd

A. Durden, in His Official Capacity as County Attorney,

*Petitioner*,

v.

James T. "Tully" Shahan, in His Official Capacity as County Judge; Mark Frerich, in His Official Capacity as County Commissioner; Joe Montalvo, in His Official Capacity as County Commissioner; Dennis Dodson, in His Official Capacity as County Commissioner; Tim Ward, in His Official Capacity as County Commissioner; Kinney County Commissioners Court; Kinney County; and Rick Alvarado, in His Official Capacity as District and County Clerk of Kinney County, Texas,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

*~ consolidated with ~*

No. 21-1018

Todd A. Durden, Individually & The State of Texas ex. rel. Todd A. Durden, in His Official Capacity as County Attorney,

*Petitioner*,

v.

James T. "Tully" Shahan, in His Official Capacity as County Judge; Mark Frerich, in His Official Capacity as County Commissioner; Joe Montalvo, in His Official Capacity as County Commissioner; Dennis Dodson, in His Official Capacity as

2

County Commissioner; Tim Ward, in His Official Capacity as County Commissioner; Kinney County Commissioners Court; Kinney County; and Rick Alvarado, in His Official Capacity as District and County Clerk of Kinney County, Texas,

*Respondents*

_____

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

_____

## PER CURIAM

We have repeatedly held that a party invokes an appellate court's jurisdiction by timely filing an instrument in a bona fide attempt to do so. Here, a county attorney attempted to appeal orders that (1) held that he lacked authority to pursue certain claims on the state's behalf, and (2) sanctioned him personally and individually for pursuing the claims without such authority. The court of appeals affirmed, agreeing that the attorney lacked authority and holding that he failed to perfect an appeal on his own behalf. We agree with the court of appeals on the authority issue, but we conclude the court should have accepted the attorney's appeal from the sanctions order or permitted him to amend the notices of appeal. Without reaching the merits of the sanctions order, we affirm in part, reverse in part, and remand the cases to the court of appeals.

Todd Durden, acting in his official capacity as the duly elected county attorney for Kinney County, filed three separate cases on behalf of the State of Texas. In one case, Durden alleged that the Kinney County Commissioners Court violated the Texas Open Meetings Act (TOMA) when it took certain budgetary actions to reduce his

government salary. In the second, Durden sought a writ of mandamus to compel the district clerk or the county treasurer to refund amounts Durden had personally deposited to secure litigation costs. In the third, Durden alleged the county and its commissioners violated TOMA, the Local Government Code, and Durden's constitutional rights by reducing his salary.

In each case, the defendants moved for summary judgment, dismissal, and sanctions on the ground that Durden lacked authority to file the suits on the state's behalf. The trial court granted the motions, dismissing all three cases and sanctioning Durden personally by ordering him to pay the defendants' attorney's fees and costs.

Durden filed a notice of appeal in each case. All three notices identified the "State of Texas" as the appellant and Durden, in his official capacity, as the state's attorney, but none explicitly mentioned Durden in his individual capacity. Nor did he file a notice of appeal on his own behalf. Each notice expressly stated, however, that "[t]his is a comprehensive appeal of all issues and as to all parties affected by the Order, which dismisses this case for want of jurisdiction and taxes costs." Durden later filed amended notices to reflect that the appeals were "accelerated," and each amended notice included this same statement.

The court of appeals affirmed the trial court's judgments. 648 S.W.3d 339, 346 (Tex. App.—San Antonio 2021). On the merits, it held that Durden lacked authority to file the suits on the state's behalf. *Id.* Regarding the sanctions orders, it concluded it could not consider Durden's arguments because he did not file notices of appeal in his

4

individual capacity. *Id.* at 345. Durden requested reconsideration and leave to file amended notices of appeal, but the court denied those requests.

We begin by addressing the authority issue. The Texas Constitution authorizes the attorney general, county attorneys, and district attorneys to represent the state in various cases. *See* TEX. CONST. art. IV, § 22 (addressing attorney general's authority to represent the state); *id.* art. V, § 21 (same for county attorneys and district attorneys). In doing so, "the Constitution recognizes the right of the Legislature to regulate and prescribe to each of these officers their respective duties." *Garcia v. Laughlin*, 285 S.W.2d 191, 195 (Tex. 1955); *see also El Paso Elec. Co. v. Tex. Dep't of Ins.*, 937 S.W.2d 432, 438 (Tex. 1996) ("[T]he Constitution provides that the State shall be represented by either the District Attorney or the County Attorney, as determined by the Legislature."). This authority to *represent* the state, however, does not necessarily include the authority to independently decide whether to *institute* a suit on the state's behalf. *See Ward County v. King*, 454 S.W.2d 239, 240 (Tex. App.—El Paso 1970, writ dism'd).[1] The

---

[1] The courts of appeals have consistently applied this rule in several contexts. *See, e.g.*, *Driscoll v. Harris Cnty. Comm'rs Ct.*, 688 S.W.2d 569, 576 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (holding county attorney lacked statutory authority to independently initiate suit for declaratory or injunctive relief against expenditures of county funds); *Ward County*, 454 S.W.2d at 240-41 (holding county attorney lacked authority to initiate civil suit absent statutory or commissioners' court authorization and that TOMA did not provide the requisite authorization); *A.B.C. Rendering, Inc. v. State*, 342 S.W.2d 345, 348 (Tex. App.—Houston 1961, no writ) (holding county attorney lacked statutory authority to institute suit on the state's behalf); *Wexler v. State*, 241 S.W. 231, 233 (Tex. App.—Galveston 1922, no writ)

5

Legislature must provide that authority by statute. *See Looscan v. Harris County*, 58 Tex. 511, 516 (1883); *cf.* Tex. Att'y Gen. Op. No. GA-0507 (2007) (considering whether Chapter 593 of the Texas Health and Safety Code gives a county attorney independent authority to initiate and prosecute an application for involuntary placement).

Durden asserts that TOMA authorized him, as the county attorney, to file these suits on the state's behalf by authorizing any "interested person" to sue to "stop, prevent, or reverse a violation or threatened violation of [TOMA] by members of a governmental body." TEX. GOV'T CODE § 551.142(a). According to Durden, because the Code Construction Act defines "person" to include a "governmental subdivision or agency," *id.* § 311.005(2), he—acting as county attorney on the state's behalf—qualifies as an "interested person." But even if a governmental subdivision or agency qualifies as an interested person under TOMA (an issue we need not decide here), Durden purported to file these suits on behalf of *the state*, not on behalf of a governmental subdivision or agency. We find nothing in TOMA or the Code Construction Act to support the notion that the state itself qualifies as an "interested person."

In fact, the Legislature amended TOMA *after* Durden filed these lawsuits to add a new subsection (c) to Section 551.142, providing that "[t]he attorney general may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation" of *one* of TOMA's provisions. *See* Act of June 5, 2019, 86th Leg., R.S., ch. 462,

---

(holding county attorney lacked authority to institute suit in the name of the state to enjoin a railway from removing track).

6

§ 3, 2019 Tex. Gen. Law 865, 865-66 (codified at Tex. Gov't Code § 551.142(c)). If subsection (a)'s reference to "interested persons" includes the state, the new subsection (c) is unnecessary and meaningless. *See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous." (citing *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006))). We agree with the court of appeals that TOMA does not authorize Durden to bring these suits on the state's behalf. 648 S.W.3d at 346; *see also Ward County*, 454 S.W.2d at 241 (holding TOMA provision authorizing an "interested person" to sue for violations "confers no authority on the county attorney to act for the county in the type of lawsuit which we have before us").

Having agreed that Durden lacked authority to pursue these suits on the state's behalf, we affirm that portion of the court of appeals' judgment and turn now to Durden's attempt to appeal the sanctions orders on his own behalf. Durden challenged these orders on various grounds, arguing that the trial court lacked jurisdiction over him in his individual capacity, that the defendants never gave notice that they sought to impose sanctions on him personally or served him with such notice in his individual capacity, that absolute immunity protects him against any such personal liability for actions performed in his official capacity, and that no legal or factual basis exists to support the sanctions awards. The court of appeals did not reach these arguments, concluding instead that Durden failed to perfect an appeal in his individual capacity. 648 S.W.3d at 344.

Because any party who seeks to alter a trial court's judgment must file a notice of appeal, TEX. R. APP. P. 25.1(c), an attorney who seeks to appeal sanctions imposed against the attorney personally must either join the client's notice of appeal or file a separate notice. *See, e.g.*, *Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at *2 (Tex. App.—Austin Jan. 13, 2011, pet. denied); *Johnson ex rel. MAII Holdings, Inc. v. Jackson Walker, L.L.P.*, 247 S.W.3d 765, 771 (Tex. App.—Dallas 2008, pet. denied). We agree with the court of appeals that, because Durden did neither, his attempt to appeal the sanctions orders was defective.

However, we have repeatedly instructed that appeals should be decided on the merits rather than dismissed for a procedural defect, and a failure to comply with procedural formalities need not cause inevitable dismissal. *See Mitschke v. Borromeo,* 645 S.W.3d 251, 260-61 (Tex. 2022); *In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013); *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Instead, a timely filed instrument will invoke the appellate court's jurisdiction if it demonstrates a bona fide attempt to do so. *Mitschke*, 645 S.W.3d at 261; *In re J.M.*, 396 S.W.3d at 530. Thus, courts must grant parties a reasonable opportunity to correct a procedural defect before they dismiss an appeal on that ground. *Higgins v. Randall Cnty. Sheriff's Off.*, 257 S.W.3d 684, 685 (Tex. 2008).

Here, Durden's notices of appeal, docketing statements, and post-notice motions identified Durden only in his official capacity, acting on the state's behalf. But the notices expressly described his intent to appeal "*all* issues and as to *all* parties *affected* by the Order, which

8

dismisses this case for want of jurisdiction *and taxes costs*." [Emphases added.] Moreover, Durden's appellate briefs specifically challenged the sanctions awards, by which the trial court taxed costs against him only in his individual capacity. The defendants responded to Durden's arguments in their own briefs, urging the court of appeals to uphold the sanctions orders. The parties undoubtedly understood that the sanctions orders were at issue on appeal, and thus there is no question of unfair surprise or confusion. We conclude that Durden made a "bona fide" attempt to invoke appellate jurisdiction over the sanctions orders. *See Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (holding insurer that filed notice of appeal only in its insured's name made a bona fide attempt to invoke appellate jurisdiction over its own challenges to trial court's judgment).

When a party has timely made a bona fide attempt to invoke appellate jurisdiction, the court of appeals must accept the deficient notice or give the party an opportunity to amend and refile it to perfect the appeal. *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). We conclude the court of appeals erred by denying Durden's motions to amend and dismissing his appeals.

We grant Durden's petition for review, and, without hearing oral argument pursuant to Texas Rule of Appellate Procedure 59.1, affirm the court of appeals' judgments as to Durden's lack of authority to file these suits on the state's behalf, reverse the court of appeals' judgments as to Durden's issues regarding sanctions, and remand to the court of appeals for further proceedings consistent with this opinion.

9

**OPINION DELIVERED:** December 30, 2022